# CHARLESTON.

BOARD OF EDUCATION OF WALTON DISTRICT, ROANE COUNTY

v.

BOARD OF TRUSTEES, WALTON LODGE No. 132, I. O. O. F.

Submitted May 9, 1916.   Decided May 16, 1916.

1. CORPORATIONS—*Designation—Variance Between Bill and Exhibit.*
   A bill describing defendant as "The Board of Trustees of Walton Lodge No. 132, Independent Order of Odd Fellows, a corporation," is not demurrable because it exhibits a written contract, which the bill seeks to have enforced, signed, "Walton Lodge I. O. O. F. 132. By C. D. Moore, Its Agent." Either name may identify the corporation that is sued. (p. 446).

2. BENEFICIAL ASSOCIATIONS—*Corporate Powers.*
   Trustees holding real estate for the use of a society of Independent Order of Odd Fellows, are constituted a corporation by sec. 6, ch. 57, Code, and may contract, sue and be sued as such. (p. 448).

3. SAME—*Purchase of Property—Validity of Contract—Presumption.*
   An agreement by such corporation to purchase a lot of ground containing no greater quantity than it is allowed by law to hold, will not be presumed to be an *ultra vires* act. (p. 448).

Appeal from Circuit Court, Roane County.

Suit by the Board of Education of Walton District, Roane County, against the Board of Trustees, Walton Lodge, No. 132, I. O. O. F. From a decree for defendant, plaintiff appeals.

*Reversed and remanded.*

*Ryan & Boggess,* for appellant.

*Harper & Baker,* for appellee.

WILLIAMS, PRESIDENT:

The Board of Education of the District of Walton, Roane County, West Virginia, filed its bill in the circuit court of said county against the "Board of Trustees of Walton Lodge No. 132, Independent Order of Odd Fellows, a corporation," averring its ownership, control and right to dispose of a certain lot of ground in the town of Walton, which for many years had been used as the site for a schoolhouse, known as the Walton Schoolhouse; that sometime before June 13, 1914, it had selected another and more suitable site for a schoolhouse to be used in lieu of the former, and had purchased a lot and caused a valuable school building to be erected thereon; that it had no further use for the first mentioned schoolhouse and lot, and, pursuant to authority given it by law, proceeded to sell the same, first causing it to be divided into three parcels, and offered each parcel at public sale at the town of Walton; that at said sale, ".the defendant, Walton Lodge No. 132, Independent Order of Odd Fellows," became the purchaser of one of said parcels, minutely describing it by metes and bounds, at the price of $212, to be paid in cash, and thereupon signed a written contract, agreeing with plaintiff to pay said sum in cash, which is exhibited with the bill. Plaintiff further averts that, at the time of the sale, James Harless, W. W. Lee and C. D. Moore were the legally appointed trustees of defendant, and, for a long time before, at the time of, and ever since the said sale were, and have been acting as such trustees; that plaintiff tendered to defendant a deed for said lot, in due form and properly acknowledged, and demanded that it pay the purchase price, which it declined to do, and refused to accept the deed, without just or reasonable excuse. Plaintiff avers its continuing readiness, since the sale, to comply with said agreement and tenders its deed, to be delivered on payment of the purchase price by defendant, and prays for specific enforcement of the contract and for general relief. A demurrer to the bill was sustained and, plaintiff declining to amend, its bill was dismissed, and it has appealed.

It is argued, in support of the demurrer, that the bill does not aver that defendant is a corporation. That was not necessary. It is sued as a corporation and is so designated in the

caption of the bill, and that is sufficient.  If defendant wished to controvert the fact that it was a corporation, it was necessary for it to file a plea raising that issue, accompanied by affidavit.  It not being essential to prove that fact, unless denied by such a plea, it was certainly not necessary to aver it. Sec. 41, ch. 125, Code; *Douglas* v. *K. & M. Ry. Co.*, 44 W. Va. 267; and *State* v. *Thacker Coal & Coke Co.*, 49 W. Va. 140.

It is also urged that the contract exhibited with the bill is signed by a different corporation than the one named as defendant in the bill.  It is signed "Walton Lodge I. O. O. F. 132.  By C. D. Moore, Its Agent."  Whereas, defendant is described, in the caption of the bill, as "Board of Trustees of Walton Lodge No. 132, Independent Order of Odd Fellows, a corporation."  It does not follow that, because the two names are not identical, they do not describe the same corporation, or entity.  The name signed to the contract may not be defendant's strictly correct name; yet, if it contracted in that name, it is bound.  A corporation, like a natural person, may contract in different names.  "A contract entered into by a corporation under an assumed name may be enforced by either of the parties, and the identity of the company may be established by the ordinary methods of proof."  *Marmet Co.* v. *Archibald*, 37 W. Va. 778.  *Culpepper Agri. & Mfg. Society* v. *Digges*, 6 Rand. 165; *National Bank* v. *Distilling Co.*, 41 W. Va. 530; *Grafton Grocery Co.* v. *Home Brewing Co.*, 60 W. Va. 281; and *Varney & Evans* v. *Lumber & Mfg. Co.*, 64 W. Va. 417.  The alleged variance can not be taken advantage of by demurrer.  Formerly a plea in abatement was allowed for a misnomer, but even that is now denied by statute, sec. 14, ch. 125, Code, and the declaration or summons is now correctible on motion, by affidavit stating the correct name.

Whether the corporation sued is the one that made the contract, depends on the evidence; if it is not, plaintiff must fail; and if it is, plaintiff has a right to prove that it contracted in the name which its agent employed.  It was not necessary to aver the authority of the agent; the bill does aver that defendant made the contract, and it was not necessary to aver

by whom it did it; that becomes a matter of proof, if the contract should be denied.

For the purposes of this appeal, it is not important to know whether defendent is incorporated under sec. 1, ch. 55, Code, or is a corporation by virtue of trustees holding property for its use, under sec. 6, ch. 57, Code. The latter section, in terms, constitutes the trustees, to whom real estate has been conveyed, devised or dedicated for the use of a lodge of independent order of odd fellows, as well as numerous other societies named in sec. 3 of that chapter, a corporation by the name of "The Board of Trustees of ................," according to the name of the society or order, and presumably, if plaintiff has correctly designated defendant in its bill, it is a corporation by virtue of sec. 6, ch. 57, Code.

Whether defendant's alleged contract is an act *ultra vires,* as being an attempt to acquire more land than it is permitted, by the statute, to hold, is also a question which depends upon the proof, and can not be determined on demurrer. The amount contracted for being within the quantity it may lawfully acquire, it will not be presumed to have exceeded its power.

The decree is reversed, the demurrer to the bill overruled and the cause remanded for further proceedings.

*Reversed and remanded.*