# CHARLESTON.

PETER SMITH v. SOUTH SLAVONIC CATHOLIC UNION

(No. 5234)

Submitted May 20, 1925.   Decided May 26, 1925.

INSURANCE—*Member of Fraternal Benefit Society Suspended for Violation of Reasonable By-law Must Pursue Remedy Provided by Society for Review of Suspension, If Such Remedy is Reasonable and Adequate, Before Resort to Court.*

A member of a fraternal benefit society organized and operated on the lodge system for the purpose, inter alia, of providing sick, accident and mortuary benefits from a fund derived from dues and assessments, upon regular suspension and later expulsion for violation of a reasonable by-law regularly adopted for government of the members, must pursue and exhaust the remedy provided by the society for review of suspension of members, if such remedy be reasonable and adequate, before he can resort to the courts for redress.

(Assignments, 5 C. J. § 83; Mutual Benefit Insurance, 29 Cyc.
——— p. 205).
(Note:   Parenthetical references by Editors, C. J.—Cyc.   Not part of syllabi).

Error to Circuit Court, Tucker County.

Action by Peter Smith against the South Slavonic Catholic Union.   Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*D. E. Cuppett* and *Chas. D. Smith,* for plaintiff in error.

*J. W. Harman* and *Wm. M. Harman,* for defendant in error.

LIVELY, PRESIDENT:

Defendant is a fraternal benefit society incorporated and organized for the purpose of promoting the welfare of its members, render aid to them when sick or injured, and to pay to the heirs of a deceased member a mortuary benefit. Plaintiff, who had been a member in good standing since 1909, was suspended and expelled in the year 1922, and it is of this expulsion that he complains in this suit, alleging damages because his policy contract of life insurance for $1,000 was thereby cancelled, and being of advanced age, he cannot now obtain life insurance of like kind and value. Defendant operates under the "lodge" system and plaintiff was a member of the local lodge at Thomas in Tucker County. At the conclusion of plaintiff's evidence defendant moved to exclude the evidence from the jury and direct a verdict for defendant, which was accordingly done, a verdict returned and judgment of *nil capiat* entered.   Plaintiff prosecutes error.

Plaintiff says that he was suspended and expelled without lawful reason, automatically cancelling his policy of insurance and preventing him from participating in sick, accident and funeral benefits; that he sought relief within the governing body of the Union, but without avail.

Plaintiff made written application for membership and was accepted in 1909, and the insurance policy issued to him in that year.   By his application he agreed to be bound by all of the by-laws "which are now in effect or may become effective in course of time."   The certificate of membership which is the contract for sick, disability and mortuary benefits, also provides, among other things, that the constitution

and by-laws of the Union and its local at the time of the admission to membership, and all amendments, additions or alterations that may be made thereto at any time during the continuance of this certificate or prior to his death are declared to be a part thereof.

In 1916 the Union amended its by-laws by providing: "Members engaged as strike breakers during an organized strike sanctioned by the labor organization, or who are engaged as guards, are exposed to extraordinary hazards and in consequence thereof must be suspended from the sick and accident features of the Union for a period of three months. If at the expiration of this period they shall continue in the same occupation they must be immediately dropped from the rolls of the subordinate society and Union." It was by virtue of this amendment that plaintiff was suspended and later expelled in 1922. Plaintiff says the amendment was unreasonable, and was not binding upon him and did not affect his rights under his certificate of membership issued in 1909, when no such by-law was in existence. He says he was not a strike breaker but went back to work as a miner in the mine at which a strike had been called, in the same occupation which he had followed for many years and therefore could not be termed a "strike breaker," even if the amended by-law bound him to its observance. On June 11, 1922 the local lodge at Thomas in regular meeting, suspended plaintiff because he was performing work of a so-called strike breaker; and on September 10, 1922 in regular meeting, it expelled plaintiff for continuing to work as a strike breaker after his suspension. It appears that plaintiff was present at both meetings and resisted suspension and expulsion. At the meeting of September 10, 1922, one-third of those present voted against expulsion.

Article 26 of the constitution and by-laws provided a method by which the action of the local lodge could be reviewed by any member who had been suspended or expelled, or who had a complaint for an injustice conceived to be done to him. The procedure is by written complaint filed with the local lodge and which a tribunal of that lodge shall

hear and determine. Right of appeal is given to the Supreme Judiciary Committee and from its decision to the Supreme Executive Board, thence to the Convention where grievances can be filed and heard. The tribunal of the local lodge is termed the court of first resort; the other tribunals named, as courts of second, third and last resort, respectively. Plaintiff did not pursue this remedy. After his expulsion he sent $3.50 for assessment direct to the home office of the Union at Ely, Minn. This was returned to him on October 3, 1922, with the information that assessments from individual members could not be paid direct; that report from the local lodge showed that he had been expelled; and that if he felt that an injustice had been done he had the right to proceed to have it remedied as provided in sec. 2 of Article 26 of the by-laws (the method of appeal referred to).

As above stated, plaintiff contends that the amended by-law under which he was expelled was void and unenforceable as being unreasonable and against public policy; and therefore being wrongfully expelled he did not have to pursue his remedy by the method prescribed for review and reversal.

We cannot say that the amendment was void, unreasonable and unenforceable as against public policy. It was within the power of the fraternal organization to declare what occupations were deemed by it to be hazardous, and whether its members should be suspended or expelled by reason of engaging therein. Whether plaintiff was or was not a strike breaker within the meaning and intent of the term as used in the by-law, in light of the conditions and circumstances under which he resumed labor in the mines, was a question for primary decision by the local lodge subject to review and reversal or affirmance in the manner set out and which plaintiff agreed to follow when he became a member. Ordinarily the decisions hold that recourse cannot be had to the courts when the by-laws of the association unequivocably provide a remedy to which the parties have agreed for the grievance complained of, and which has not been pursued and exhausted. *Brown* v. *Supreme Court I. O. F.*, 176 N. Y. 132; *Harris* v. *Wilson*, 86 Mo. App. 406;

*Lillie* v. *Brotherhood,* 114 Ia. 252; *Eighmy* v. *Bro. of Ry. Trainmen,* 113 Ia. 681; *Mullen* v. *Order of Foresters,* 70. N. H. 327; *Robinson* v. *Brotherhood R. R. Trainmen,* 80 W. Va. 567. In the *Robinson* case this court held that "fraternal benefit societies may establish and enforce reasonable rules and regulations for the government and for the settlement of internal disputes as to property rights; and members must submit to and comply with such regulations and exhaust their remedies within the order before resorting to the civil courts for redress." Robinson had sued for personal injury received, and the beneficiary board of his order created by the by-laws to which he had assented when he became a member, had passed upon his claim and had disallowed it. While no appeal was expressly provided for him from the action of the board, all rejected claims were referred to the board of insurance for its decision as it should deem just and proper. The court held that the decision of the board that Robinson had no legal claim was a conclusive defense. There was no charge of oppressive or arbitrary action on the part of the beneficiary board in passing upon the claim. Generally the courts will not inquire into the merits of an expulsion, and especially where the by-laws provide adequate remedy for review when expulsion occurs. Bacon on Life & Accident Insurance (4th Ed.) sec. 132; *Wilcox* v. *Royal Arcanum,* 210 N. Y. 370; *Myers* v. *Fritchman,* 6 Pa. Superior Ct. 580. Where a by-law of a beneficial society providing for appeal from an expulsion provides for obstacles which are so great as to almost amount to a denial, of justice, or where it is clear that relief would be futile on an appeal, action at law will not be denied. *Brown* v. *Supreme Court, I. O. F.,* 176 N. Y. 132. But the decisions quite generally are to the effect that recourse cannot be had to the courts when the laws of the society or order unequivocably provide a remedy to which the parties have agreed for the grievance complained of, when that remedy has not been pursued and exhausted. *Oliver* v. *Hopkins,* 144 Mass. 175; *Jeane* v. *Grand Lodge,* 86 Me. 434; *Levy* v. *Order &c.,* 67 N. H. 593; *Ocean Castle* v. *Smith,* 58 N. J. L. 545; *Ryan* v. *Cudahy,* 157 Ill. 108;

49 L. R. A. 353 and note; and *Kumle v. Grand Lodge,* 110 Cal. 204.

Plaintiff's complaint is not based on the method by which he was suspended and later expelled. He was present at each meeting. No question of notice is raised. His defense was that he was not a strike breaker; and he now asserts that he was not bound by the amended by-law as unreasonable and against public policy. The amendment was not unreasonable. He was presumed to have had notice of the amendment. *Bixler v. Modern Woodmen,* 72 S. E. (Va.) 704. But when he was suspended for violation of the by-law at the meeting of the local lodge in June, 1922, he had notice of it, for he was present. He could have then prevented expulsion by obeying it.

We do not decide the contention made that he was or was not a strike breaker within the meaning of the term as used in the by-law. Upon that point he had right of redress by appeal and until that remedy is pursued (and which he agreed to pursue when he joined the Union), he should not be allowed to maintain his suit at law for damages.

The judgment of the lower court is affirmed.

*Affirmed.*