# CHARLESTON.

H. T. WEST *v.* BALTIMORE & OHIO RAILROAD COMPANY *et al.*

## (No. 5826)

Submitted March 15, 1927.   Decided March 22, 1927.

1. ASSOCIATIONS—*In Absence of Statute, Unincorporated Society Cannot be Sued as Entity by Name, Nor Can Judgment be Rendered Against it by Name; to Confer Jurisdiction of Unincorporated Society or Association, Members, or some of Them, Must be Named as Parties and Served With Process Individually.*

   In the absence of a statute authorizing such procedure, an unincorporated society or association can not be sued as an entity by its name, nor can judgment be rendered against it

merely by name; but to confer jurisdiction, the members composing the association, or some of them, must be named as parties, and process served upon them individually. (p. 418).

(Associations, 5 C. J. §§ 118, 130.)

2.   TRADE UNIONS—*Union Member Cannot Recover for Breach of Contract Between Employer and Labor Union, Not Ratified by Members of Union as Individuals.*

An agreement between a labor union and an employer with respect to wages and conditions of service, not ratified by the members of the union as individuals, does not establish a contract between an individual member and the employer, a breach of which will sustain an action by the individual. (p. 421).

(Labor Unions, 24 Cyc. p. 824.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Braxton County.

Action by H. T. West against the Baltimore & Ohio Railroad Company and another. Verdict for plaintiff, which was set aside on motion of defendants, and plaintiff brings error.

*Affirmed.*

*G. C. Belknap* and *Van B. Hall,* for plaintiff in error.

*E. A. Bowers* and *Haymond & Fox,* for Baltimore & Ohio Railroad Company.

*W. E. Hines,* for Railway Carmen of America, Local No. 557.

MILLER, JUDGE:

The plaintiff brought this action against the Baltimore & Ohio Railroad Company and the Brotherhood of Railway Carmen, Local Lodge No. 557, alleging that he was and had been a member in good standing of Local Lodge No. 557, and that prior to January 6, 1922, he was employed by the defendant company as a carman in its shops at Gassaway, W. Va., at which time he was laid off or furloughed by the company until such time as he should be recalled and given employment by it, with the benefits of his place on the seniority list kept by the company and the local lodge; that about October 23, 1922, he applied to the company for employment, but that the defendants by and through their agents,

employees and committees, contriving and seeking to prevent him from retaining his proper position on the seniority list, knowingly, wilfully, wrongfully and unlawfully changed the position of his name on said list to a position less favorable to him, thereby depriving him of his right to resume employment with the company, in violation of his rights and privileges under the agreement between the union and the railroad company, that furloughed employees should be permitted to resume employment in the order of their names on the seniority list kept by the defendants. Plaintiff's demand was for loss of the wages he would have earned had he been given employment when he applied to the railroad company for reinstatement.

The defendants pleaded the general issue after their demurrer to the declaration was overruled. The trial resulted in a verdict for the plaintiff, which the court set aside on motion of defendants. No grounds were assigned in support of the motion to set aside the verdict; and it does not appear from the record on what ground the trial court acted in sustaining defendant's motion.

The first proposition advanced by Local Lodge No. 557, in support of the action of the trial court, is that no valid judgment could be entered against it, for the reason that being a voluntary association and not a legal entity, it could not be sued by name, none of the parties composing the association being before the court by proper process. The summons and return do not appear in the record. The action is in the name of H. T. West vs. Baltimore & Ohio Railroad Company, A Corporation, and the Brotherhood of Railway Carmen of America, Local Lodge No. 557. It does not appear that any of the members of the association were summoned to answer the complaint. In *Simpson* v. *Grand International Brotherhood of Locomotive Engineers*, 83 W. Va. 355, we held: "In the absence of a statute authorizing such procedure, an unincorporated society or association cannot be sued as an entity by its name, nor can a judgment be rendered against it merely by name. To confer jurisdiction, the persons composing it, or some of them, must be named as parties, and process served

upon them individually.'' See, also, *Mitch* v. *United Mine Workers of America,* 87 W. Va. 123.

Did plaintiff have a right of action against the Baltimore & Ohio Railroad Company? From the evidence it appears that when plaintiff applied to F. M. Garber, the company's car foreman at Gassaway, claiming the benefit of his seniority position, Garber informed him that he had been advised by the committee of the local lodge that West had lost his seniority position, and told him the matter would have to be taken up with them. The local lodge decided that plaintiff had lost his seniority by accepting employment at another point. The matter was then taken up with H. L. Alberty, Secretary of the Baltimore & Ohio Subsidiary Lines, System Federation No. 30, by the secretary of Gassaway Valley Lodge No. 557. What authority Alberty had does not appear; but he answered that after talking the matter over with Bros. Murphy and McGee, it was their opinion that West should not lose his seniority. Not being satisfied with Alberty's opinion, the secretary of the local lodge laid the matter before the Joint Protective Board of the Brotherhood of Railway Carmen of America, Baltimore and Ohio and Subsidiary Lines. C. W. Murphy, general chairman of the board, held that West had lost his seniority position, and that his name should appear on the roster at Gassaway effective as of the date he reported back there.

Plaintiff contends that Murphy did not have authority to decide the question submitted to the joint protective board. From the constitution of the Brotherhood of Railway Carmen of America, it appears by sections 88 and 89 thereof, that any member feeling himself to be unjustly dealt with by his employer shall present his grievance in writing to the local protective board; and that when the local board fails to adjust satisfactorily any grievance referred to it, and if the lodge so order, the recording secretary of the lodge shall immediately send a certified copy of the grievance to the chairman of the joint protective board. And the constitution further provides that when that board has decided on the justice of any claim or complaint, it shall proceed with an effort to

adjust the same with the general officers of the road, bureau or association with which said road is affiliated.

In the present case plaintiff's local board ruled against him. The secretary of the local lodge transmitted to the joint protective board a statement of the case signed by the three members of the local board, under the seal of the lodge, together with plaintiff's statement of the case, also addressed to the board. If Murphy, Chairman, did not have jurisdiction or authority to pass on the grievance, why did not plaintiff insist upon a proper hearing before the board, which did have jurisdiction? Both sides of the controversy were submitted to the board. The constitution of the brotherhood, of which plaintiff alleged he was a member in good standing, had provided a forum for the settlement of all disputes between members of the association and their employers. By the provisions of the brotherhood's constitution and by-laws, his first duty was to resort to the proper tribunals of the order for a decision on the question in issue. The arrangement as to seniority was between the brotherhood and the railroad company, not between plaintiff and the company. If plaintiff had any rights in the premises which he conceived had been violated, they did not exist by virtue of any contract between him and the defendant company. And the constitution of the brotherhood provided that as to the railroad company, the final adjustment was to be taken up between the brotherhood, or its joint protective board, and the company. By becoming a member of the order plaintiff subscribed to its constitution and by-laws. And we have held that in such case recourse can not be had to the courts when the constitution and by-laws of the association provide a remedy to which the parties have agreed for the grievance complained of, and which has not been pursued and exhausted. *Simpson* v. *Brotherhood of Locomotive Engineers, supra; Robinson* v. *Brotherhood of Railway Trainmen,* 80 W. Va. 567; *Burger* v. *McCarthy,* 84 W. Va. 697; *Smith* v. *Catholic Union,* 99 W. Va. 256; and cases cited and reviewed.

Plaintiff contends that the rule applied in those cases applies only where the dispute is between the association and

one of its members. But here the constitution of the association specifically provides that grievances against the railroad company shall be taken up with the brotherhood, decided by it, and then by it adjusted with the company. The defendant company refused plaintiff employment only because his own lodge advised its agent that he had lost his position on the seniority list.

And the rule seems to be that individual members of a labor union are not bound by contracts between the union and employers, unless such agreements are ratified by the members of the union as individuals, and that in the absence of evidence of such ratification by a member, no rights accrue to him which he can enforce against the employer. "It has been pointed out that the ordinary function of a labor union is to induce employers to establish usages in respect to wages and working conditions which are fair, reasonable and humane, leaving to each of its members to determine for himself whether and for what time he will contract with reference to such usages. It has therefore been decided that a labor union, in contracting with an employer with respect to wages and conditions of service for a specified period of time, does not establish contracts between its individual members and the employer, a breach of which will sustain actions by the individuals." 16 R. C. L. 425; 24 Cyc. 824; *Hudson* v. *Railway Company,* 152 Ky. 711, Ann. Cas. 1915-B. 98, and note; 45 L. R. A. (N. S.) 184, and note; *Burnetta* v. *Marceline Coal Company,* 180 Mo. 241. There is here no evidence that plaintiff ratified or voted for the contract under which he claims seniority rights. He alleges that the contract was made between the brotherhood and the defendant company, and there is nothing in the record from which it can be inferred that he individually participated in the making of the contract, or that he thereafter ratified it. It does not appear whether the contract relied on was entered into before or after he became an employee of the railroad company.

The judgment will be affirmed.

*Affirmed.*