STATE *ex rel*. GLASS BOTTLE BLOWERS ASSOCIATION OF THE UNITED STATES AND CANADA, *an unincorporated association, et al.*

*v.*

GRAY SILVER, JUDGE OF THE CIRCUIT COURT OF MORGAN COUNTY, WEST VIRGINIA, *et al.*

(No. 12664)

Submitted May 23, 1967.          Decided June 27, 1967.

750

*Sprouse, McIntyre & Louderback, James B. McIntyre, Eugene R. Hoyer,* for relators.

*Clarence E. Martin, Jr.,* for respondents.

HAYMOND, JUDGE:

In this original proceeding in prohibition instituted in the name of the State of West Virginia, on the relation of the petitioners, Glass Bottle Blowers Association of the United States and Canada, an unincorporated association, Local Union No. 77 of the Glass Bottle Blowers Association of the United States and Canada, an unincorporated association, Local Union No. 27 of the Glass Bottle Blowers Association of the

United States and Canada, an unincorporated association, and Local Union No. 197 of the Glass Bottle Blowers Association of the United States and Canada, an unincorporated association, the petitioners seek a writ to prohibit the Honorable Gray Silver, Judge of the Circuit Court of Morgan County, and Pennsylvania Glass Sand Corporation, a corporation, from continuing and perpetuating a preliminary injunction issued against the petitioners and Frank Carter, individually and as representative and agent of the Glass Bottle Blowers Association of the United States and Canada, an unincorporated association, and from granting a motion of that corporation to add additional parties to that action, and from any further proceedings in such action until the determination of this proceeding in this Court.

Upon the petition filed April 27, 1967 and its exhibits, consisting of a copy of the complaint in the civil action, a copy of the preliminary injunction issued April 17, 1967 enjoining the petitioners from engaging in unlawful picketing and performance of other acts set forth in such injunction, a copy of the motion of the petitioners to dissolve such injunction, a copy of the motion of the plaintiff in that action to add as additional parties to the action twenty five persons who are members of Local Union No. 197, thirty three persons who are members of Local Union No. 27, and seventy persons who are members of Local Union No. 77 of the petitioner Glass Bottle Blowers Association of the United States and Canada, and one other person, and a copy of the order of the circuit court granting the motion to add additional parties and refusing the motion to dissolve the preliminary injunction, this Court suspended further proceedings in the action in the circuit court and issued a rule returnable May 23, 1967, at which time this proceeding was submitted for decision upon the petition and its exhibits, the demurrer of the defendants, the separate answer of each defendant to the petition, the exhibits with the answer of the corpor-

ate defendant, and the briefs and the oral arguments in behalf of the respective parties.

The civil action instituted in the circuit court is not a class action, and though Frank Carter, one of the defendants who has not been duly served with process in the action, is designated and made a defendant individually and as representative and agent of the international union, Glass Bottle Blowers Association of the United States and Canada, there is no allegation in the complaint that indicates that Carter was sued in behalf of the designated local unions or their members. On the contrary the local unions, as unincorporated associations, are made defendants and proceeded against as such and by name.

The material facts are not disputed and the questions presented for decision are questions of law.

In support of the application for the writ in this proceeding the petitioners contend that each of the petitioners, being an unincorporated association, can not be sued as an entity and judgment can not be rendered against it by name in this jurisdiction and that the circuit court was without jurisdiction to add additional parties to the civil action without notice or amendment of the complaint after the preliminary injunction had been granted against the petitioners and Carter.

On the contrary the defendants assert that though, with respect to the legal question raised by the demurrer to the petition, the petitioners, as unincorporated associations, can not sue or be sued as such and can not maintain this proceeding, nevertheless under the provisions of Rule 23 of the West Virginia Rules of Civil Procedure and the decisions of the Federal Courts, the petitioners, though unincorporated associations, may be sued both in a class action and by name as such unincorporated associations; and that the circuit court, having jurisdiction of the subject matter and the action having been instituted when process was issued against the petitioners and Frank

Carter, as an individual though not served as to him, had the power and authority under Rule 21 of the West Virginia Rules of Civil Procedure to add additional persons as defendants and that its action in that respect can not be disturbed or intereferred with in a proceeding in prohibition.

There is no merit in the contention of the defendants that this proceeding in prohibition can not be maintained against them. Though the defendants deny that the well established general rule, that in the absence of an enabling or permissive statute or rule of practice an unincorporated association can not sue or be sued, precludes the petitioners from being sued as unincorporated associations in the civil action in the Circuit Court of Morgan County, the defendants assert that if the petitioners can not be sued as defendants in that case, then, because of the application of the foregoing rule, this proceeding can not be maintained against the defendants by or for the petitioners. Notwithstanding the above stated rule, it is clear that an unincorporated association may protect its right against third persons in legal proceedings if such association follows the proper procedure as the petitioners, as such associations, have done in this proceeding. In 6 Am. Jur. 2d, Associations and Clubs, Section 51, the text, supported by the decisions of many appellate courts in numerous jurisdictions, contains this language: "An association may protect its rights against third persons by instituting legal proceedings, although in the absence of statutory authority for bringing suits in the name of an unincorporated association or statutory recognition of such bodies as legal entities, such actions must be brought in the name of all the members or by some person acting in a representative capacity, and not in the name of the association."

The instant proceeding is not instituted in the name of the unincorporated associations or of any of them but is brought in the name of and by the State of West Virginia on the relation of and for the use and benefit

of the petitioners and this action may be maintained by the State acting in a representative capacity for the petitioners. The petitioners have an interest in the proceeding to protect them against the enforcement of an injunctive order which they assert is void for lack of jurisdiction in the circuit court to proceed against them as parties and to issue and enforce such order. The State, in its capacity as sovereign, also has an interest to prevent any of its courts from acting without jurisdiction or in excess of the jurisdiction conferred upon it. *State ex rel. Collier v. County Court of Mingo County,* 97 W. Va. 615, 125 S. E. 576. In the opinion in that case this Court, with relation to the writ of prohibition, used this language: ''At common law the relator need have no personal interest in the proceeding sought to be prohibited. The writ would issue upon the application of a stranger to the record of the suit or proceeding sought to be prohibited. The original theory upon which the writ issued was that where an inferior court usurped jurisdiction or exceeded its jurisdiction it acted in contempt of the sovereign—the fountain of justice and the source of jurisdiction. In modern practice the state stands in the relation of sovereign; so that any court, proceeding in excess of the jurisdiction conferred upon it, in principle acts in contempt of the state. 2 Spelling's Inj. and Ex. Rem. §§ 1745, 1746; High's Ex. Rem. § 779; *Mayo v. James,* 12 Gratt. (Va.) 17; *Worthington v. Jeffries,* L. R. 10 C. P. 379; *State v. Burckhart,* 87 Mo. 533; *Thompson v. Tracy,* 60 N. Y. 31; *State v. Superior Court,* 7 Wash. 77; 7 Comyn's Digest (5th. ed.), 141; 8 Bacon's Abridg. 210.''

It is, therefore, clear that in this instance, the State as the representative of the petitioners, unincorporated associations, may maintain this proceeding in their behalf to prevent any violation of their rights by the enforcement against them of any void order that may have been issued by the circuit court in the civil action pending in that court. In the absence of a statute authorizing suit by an unincorporated associa-

tion, such association may not institute or maintain an action as such in its own name; but to protect its rights against invasion by third parties the State of West Virginia, as the representative of such association suing for its use and benefit and acting in its behalf, may institute and maintain a prohibition proceeding to protect the rights of such unincorporated association.

Though by virtue of numerous Acts of Congress an unincorporated association may be sued in a federal court, the well established rule in this State is that at common law and in the absence of a statute authorizing suit by or against an unincorporated association, an unincorporated association is not subject to suit in its name or as a separate entity.

In the leading case of *United Mine Workers of America v. Coronado Coal Company,* 259 U. S. 344, 42 S. Ct. 570, 66 L. Ed. 975, 27 A.L.R. 762, the Supreme Court of the United States, basing its decision on federal and state statutes, held in point 2 of the syllabus that ''Unincorporated labor unions, such as the United Mine Workers of America and its district and local branches, impleaded in this case, recognized as distinct entities by numerous Acts of Congress, as well as by the laws and decisions of many States, are suable as such in the federal courts upon process served on their principal officers, for the torts committed by them in strikes; and their strike-funds are subject to execution.'' It further held that such associations are included in Section 7 of the Sherman Anti-Trust Act, permitting actions for damages resulting from conspiracies to restrain interstate trade or commerce, to be brought against corporations and associations existing under or authorized by the laws of either the United States or the laws of any Territory, State or foreign country. In the opinion, prepared by Chief Justice Taft, the Court used this language: ''Undoubtedly at common law, an unincorporated association of persons was not recognized as having any other character than a partnership in whatever was done,

and it could only sue or be sued in the names of its members, and their liability had to be enforced against each member. * * * . But the growth and necessities of these great labor organizations have brought affirmative legal recognition of their existence and usefulness and provisions for their protection, which their members have found necessary. Their right to maintain strikes, when they do not violate law or the rights of others, has been declared. The embezzlement of funds by their officers has been especially denounced as a crime. * * * . They have been given distinct and separate representation and the right to appear to represent union interests in statutory arbitrations, and before official labor boards. * * * . More than this, equitable procedure adapting itself to modern needs has grown to recognize the need of representation by one person of many, too numerous to sue or to be sued * * * ; and this has had its influence upon the law side of litigation, so that, out of the very necessities of the existing conditions and the utter impossibility of doing justice otherwise, the suable character of such an organization as this has come to be recognized in some jurisdictions, and many suits for and against labor unions are reported in which no question has been raised as to the right to treat them in their closely united action and function as artificial persons capable of suing and being sued. * * * .'' After making specific mention of numerous acts of Congress relating to unions, the opinion contains these statements: ''In this state of federal legislation, we think that such organizations are suable in the federal courts for their acts, and that funds accumulated to be expended in conducting strikes are subject to execution in suits for torts committed by such unions in strikes. * * * . Our conclusion as to the suability of the defendants is confirmed in the case at bar by the words of §§7 and 8 of the Anti-Trust Law.'' Since the *United Mine Workers* case, by virtue of numerous federal statutes, the rule is well established that unincorporated associations are subject to suit and may be sued

and enforceable judgments entered against them as such in the federal courts.

As previously indicated, the rule is otherwise in this State. There is no statute of this State or rule of practice which authorizes or permits an unincorporated association to sue or to be sued or an enforceable judgment to be entered against it as such and as a separate entity, and such an association can not be sued as such in its own name in this jurisdiction. *West Virginia Secondary School Activities Commission v. Wagner,* 143 W. Va. 508, 102 S. E. 2d 901. In that case, quoting point 1 of the syllabus in *West v. Baltimore and Ohio Railroad Company,* 103 W. Va. 417, 137 S. E. 654, this Court held that ''In the absence of a statute authorizing such procedure, an unincorporated society or association can not be sued as an entity by its name, nor can judgment be rendered against it merely by name; but to confer jurisdiction, the members composing the association, or some of them, must be named as parties, and process served upon them individually.'' In the opinion this Court said: ''As the West Virginia Secondary School Activities Commission is a voluntary unincorporated association or organization it can not be sued in its name as a separate legal entity in the courts of this State.'' Quoting point 1 of the syllabus in *Milam v. Settle,* 127 W. Va. 271, 32 S. E. 2d 269, this Court also said that ''The statute law of this State does not provide for suits or actions against an unincorporated society or association, and, in the absence of such statute, it cannot be sued as an entity by name.'' In the *West Virginia Secondary School Commission* case, further quoting from the opinion in *Milam v. Settle,* 127 W. Va. 271, 32 S. E. 2d 269, and citing *West v. Baltimore and Ohio Railroad Company,* 103 W. Va. 417, 137 S. E. 654, and *Simpson and Smith v. Grand International Brotherhood of Locomotive Engineers,* 83 W. Va. 355, 98 S. E. 580, 250 U. S. 644, 39 S. Ct. 494, 63 L. Ed. 1186, 250 U. S. 645, 39 S. Ct. 494, 63 L. Ed. 1187 this Court said: ''True, jurisdiction of a cause of action, growing out of some act of an asso-

ciation, may be obtained by serving process on some member or members thereof; but when this is done, against whom can a judgment be rendered? Both cases cited above expressly say that there can be no judgment against the association by name. This leaves only the individual members, served with process, against whom a judgment may be recovered. How can it be said that service on members of an unincorporated association brings it into the action in any way, when the court is powerless to render any judgment against it? Why do a vain and futile thing? We construe the holdings of the two cases as doing nothing more than providing a remedy against members of an unincorporated association for any wrongdoing of such association; and, of course, only against those who are served with process in a suit or action against them growing out of such wrongdoing.''

It is true, as contended by the defendants, that by virtue of Rule 23 of the West Virginia Rules of Civil Procedure a class action may be maintained by or against one or more persons who fairly afford adequate representation of all the members of an unincorporated association as a class under the conditions specified in the rule; but, as previously indicated, the civil action in the Circuit Court of Morgan County is not a class action and was not instituted and is not prosecuted as a class action. For that reason the provisions of Rule 23, relating to class actions, have no application and do not permit that action to be prosecuted or maintained against petitioners as unincorporated associations.

It follows from the cited decisions of this Court that the civil action instituted in the Circuit Court of Morgan County is not a valid proceeding against the petitioners and they can not be considered as defendants or served with valid process as such in that action.

As the petitioners, for the reasons stated, can not be considered or treated as parties to the civil action in the Circuit Court of Morgan County and can not be

subjected to or affected by the injunction or any of the orders or decrees entered by that court in that action which, as to the petitioners, are void and unenforceable, the petitioners are not affected by the proceedings in that action against other persons, and neither the State of West Virginia, as the representative of the petitioners, nor any of the petitioners, has any interest in the course of the proceedings or the orders and decrees of the circuit court in the civil action relating to persons other than these petitioners. In consequence the action of the circuit court in permitting persons other than the petitioners to be made parties to that action and in entering and enforcing its orders and decrees against such other persons can not be reached, controlled or prevented in this prohibition proceeding.

The rule is well established that a person who has no interest in and whose rights will not be affected or injured by a proceeding sought to be prohibited is not entitled to a writ of prohibition. *State ex rel. Linger v. County Court of Upshur County,* 150 W. Va. 207, 144 S. E. 2d 689; *State ex rel. Gordon Memorial Hospital, Inc. v. West Virginia State Board of Examiners for Registered Nurses,* 136 W. Va. 88, 66 S. E. 2d 1; *Midland Investment Corporation v. Ballard,* 101 W. Va. 591, 133 S. E. 316. In *State ex rel. Gordon Memorial Hospital, Inc. v. West Virginia State Board of Examiners for Registered Nurses,* 136 W. Va. 88, 66 S. E. 2d 1, this Court said: ''As a general rule any person who will be affected or injured by the proceeding which he seeks to prohibit is entitled to apply for a writ of prohibition, but a person who has no interest in such proceeding and whose rights will not be affected or injured by it can not do so. 50 C. J., pages 693. In *Midland Investment Corporation v. Ballard,* 101 W. Va. 591, 133 S. E. 316, the test of the right of a person to maintain a proceeding in prohibition is stated in these words: 'In the absence of statutory provision, from the decisions, the true rule may be evolved, that the action may be maintained by any person injuriously

affected by the action which he seeks to prevent, but not by a person having no interest therein.' '' The foregoing quotation is also incorporated in the opinion in *State ex rel. Linger v. County Court of Upshur County,* 150 W. Va. 207, 144 S. E. 2d 689; and in that case this Court held in point 6 of the syllabus that ''As a general rule any person who will be affected or injured by the proceeding which he seeks to prohibit is entitled to apply for a writ of prohibition; but a person who has no interest in such proceeding and whose rights will not be affected or injured by it can not do so.''

For the foregoing reasons, to the extent that the judgments, orders and decrees, including the injunction order, entered by the Circuit Court of Morgan County in the civil action pending in that court, apply to and affect the petitioners as parties or otherwise, their enforcement will be, and it is hereby prohibited; but insofar as the judgments, orders and decrees of the circuit court apply to and affect persons other than the petitioners, they will not be reached, disturbed or prohibited in this proceeding. Whether the action of the circuit court in granting the motion to admit additional parties and its orders and decrees with respect to persons other than the petitioners are valid is not considered or determined in this proceeding.

The writ of prohibition prayed for will be molded to prevent the enforcement of the judgments, orders and decrees of the circuit court in the civil action to the extent that they apply to or in any wise affect the petitioners, and as so molded the writ of prohibition is hereby awarded.

*Writ molded and,*
*as molded,*
*awarded.*