301 S.E.2d 577

**Anna F. TITUS**

v.

**PROGRESSIVE GLASS WORKERS UNION OF WEST VIRGINIA, BRANCH NO. 1, and Louie Glass Co., Inc., etc.**

**No. 15593.**

Supreme Court of Appeals of West Virginia.

March 24, 1983.

James T. Kratovil, Kratovil & Kratovil, Weston, for appellant.

Gerald H. Brooks and Joseph W. Wagoner, Haller & Wagoner, Weston, for appellees.

McGRAW, Chief Justice:

This is an attempted appeal of two rulings of the Circuit Court of Lewis County which dismissed the appellant's complaint against her former employer and her union. The appellant is Anna F. Titus, a former employee of Louie Glass Co., Inc. (hereinafter referred to as Louie). Titus also is a member of appellee Progressive Glass Workers Union of West Virginia, Branch No. 1 (hereinafter referred to as Union).

In her complaint, Titus alleged that Louie hired her in July, 1975, as a miterer. She worked in this capacity until February, 1977, when she was assigned duties as a glass liner. Titus claimed that company officials told her that she did not have to worry about meeting the daily production quota given glass liners. Titus alleged that Louie laid her off in August, 1977, and subsequently discharged her for not meet-

ing the production quota. The appellant also alleged that she approached a Union representative about filing a grievance in July, 1977. The complaint does not specify the nature of the grievance. Titus claimed that the Union representative refused to process the grievance.

In February, 1978, Titus filed suit in the Circuit Court of Lewis County. She alleged that Louie had wrongfully discharged her, and that her Union had failed to fairly represent her. Titus based both claims upon Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (1976). The appellant named Louie and the Union as defendants, but did not name individual company officials or Union officials as defendants.

Both appellees filed motions to dismiss pursuant to Rule 12 of the West Virginia Rules of Civil Procedure. The Union made a Rule 12(b)(2) motion contending that the appellant had failed to obtain personal jurisdiction over it as an unincorporated association.[1] The trial judge granted this motion August 24, 1981. Louie made a Rule 12(b)(1) motion, arguing that a state court lacked subject matter jurisdiction over the appellant's complaint.[2] The trial court dismissed the company in an order dated September 4, 1981, because it "lack[ed] jurisdiction over the subject matter and issues stated in the complaint."

## I.

As a preliminary matter, we note that the parties are confused as to what rulings of the trial court have been appealed in this case. In its petition for appeal, the appellant made the following assignment of error: "That the Circuit Court of Lewis County, West Virginia does have jurisdiction over the subject matter and issues

stated in Plaintiff's complaint and that the dismissal of the Complaint is in error."

It is clear that the trial court dismissed the Union from this action because the plaintiff failed to obtain personal jurisdiction over the members of the unincorporated association. *See generally State ex rel. Glass Blowers Association v. Silver*, 151 W.Va. 749, 155 S.E.2d 564 (1967). The record does not show that the appellant attempted to appeal that ruling to this Court. Consequently, the Union is out of the case. The appellant's assignment of error goes only to the September 4, 1981, ruling dismissing Louie from this action. This is reflected in the appellant's use of the phrase "jurisdiction over the subject matter and issues" which is taken directly from the lower court's order dismissing Louie. Accordingly, the only question presented in this appeal is whether the trial court erred when it ruled that a state court did not have subject matter jurisdiction over the cause of action against Louie contained in the appellant's complaint.

## II.

The record in this case is sparse. The trial court dismissed the appellant's complaint upon the pleadings. Our review, however, does not involve factual disputes. The appellant's appeal was granted to decide whether the lower court has subject matter jurisdiction over the breach of contract claim.

■ To resolve this issue, we must examine the complaint. The appellant claims that Louie wrongfully discharged her in violation of the collective bargaining agreement entered into by the company and the Union. She argues that such a discharge violates federal law, 29 U.S.C. § 185; therefore, she has a federal cause of action.[3] That statute permits an employee to

---

**1.** The Union filed a memorandum in support of its motion to dismiss. The Union argued that West Virginia law did not permit suits against unincorporated associations.

**2.** The record does not contain any material filed in support or opposition to Louie's motion. Our characterization of the motion as one based on Rule 12(b)(1), W.Va.R.C.P., is drawn from the

lower court's order dismissing the complaint against Louie.

**3.** 29 U.S.C. § 185 reads, in relevant part:
   (a) Venue, amount, and citizenship
      Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between

sue "for violation of contracts between an employer and a labor union." Titus claims that suits based on 29 U.S.C. § 185 may be brought either in federal or state court. Louie contends that these actions must be brought in federal court. We agree with the appellant.

■ It is a historic principle that state courts have jurisdiction to enforce federal rights unless Congress has expressly preempted the power of state courts to hear such suits.[4] In this case, 29 U.S.C. § 185 provides that suits alleging violations of collective bargaining agreements "*may* be brought in any district court of the United States having jurisdiction of the parties ...." (emphasis added). Therefore, the statute itself indicates that plaintiffs have a choice of forums in actions based on 29 U.S.C. § 185.

Louie's argument is further doomed by the fact that the United States Supreme Court has ruled in the appellant's favor on the very issue present in this case. In *Charles Dowd Box Co., Inc. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962), the Court identified the "sole question" in the case as being "whether this federal statute [29 U.S.C. § 185] operates to divest a state court of jurisdiction over a suit for violation of a contract between an employer and a labor organization." *Id.* at 503, 82 S.Ct. at 520, 7 L.Ed.2d at 485. The Court unanimously concluded that Congress, in enacting 29 U.S.C. § 185, had not intended "to deprive a party to a collective bargaining contract of the right to seek redress of its violation in an appropriate state tribunal." *Id.* at 507, 82 S.Ct. at 522, 7 L.Ed.2d at 487. Consequently, the appellant had the right to select which forum in which to bring her suit. *See also Boys Markets, Inc. v. Retail Clerks Union*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970); *Smith v. Evening News Assn.*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 646 (1962); *Teamsters, Chauffeurs, Warehousemen & Helpers v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962); *Consolidated Theatres, Inc. v. Theatrical Stage*

any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

(b) Responsibility for acts of agent; entity for purposes of suit; enforcement of money judgments

Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

4. The United States Supreme Court discussed this concept in *Charles Dowd Box Co., Inc. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962).

We start with the premise that nothing in the concept of our federal system prevents state courts from enforcing rights created by federal law. Concurrent jurisdiction has been a common phenomenon in our judicial history, and exclusive federal court jurisdiction over cases arising under federal law has been the exception rather than the rule. This Court's approach to the question of whether Congress has ousted state courts of jurisdiction was enunciated by Mr. Justice Bradley in *Claflin v. Houseman*, 93 U.S. 130 [23 L.Ed. 833], and has remained unmodified through the years. "The general question, whether State courts can exercise concurrent jurisdiction with the Federal courts in cases arising under the Constitution, laws, and treaties of the United States, has been elaborately discussed, both on the bench and in published treatises ... [and] the result of these discussions has, in our judgment, been ... to affirm the jurisdiction, where it is not excluded by express provision, or by incompatibility in its exercise arising from the nature of the particular case." 93 U.S., at 136. *See Robb v. Connolly*, Ill. [111] U.S. 624 [4 S.Ct. 544, 28 L.Ed. 542]; *Second Employers' Liability Cases*, 223 U.S. 1, 56–59 [32 S.Ct. 169, 177–79, 56 L.Ed. 327]; *St. Louis, B.R. Co. v. Taylor*, 266 U.S. 200 [45 S.Ct. 47, 69 L.Ed. 247]; *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 245 [63 S.Ct. 246, 250, 87 L.Ed. 239]; *Brown v. Gerdes*, 321 U.S. 178, 188 [64 S.Ct. 487, 492, 88 L.Ed. 659] (concurring opinion). To hold that § 301(a) operates to deprive the state courts of a substantial segment of their established jurisdiction over contract actions would thus be to disregard this consistent history of hospitable acceptance of concurrent jurisdiction. *Id.* at 507–08, 82 S.Ct. at 522–23, 7 L.Ed.2d at 487–88 (footnotes omitted).

*Employees Union,* 69 Cal.2d 713, 73 Cal. Rptr. 213, 447 P.2d 325 (1968).

 For the foregoing reasons, the ruling of the Circuit Court of Lewis County which dismissed the appellant's action against Louie Glass Co., Inc., is reversed. The general rule of concurrent federal and state court jurisdiction applies to actions based on 29 U.S.C. § 185; therefore, such suits may be brought in state courts.

Reversed and remanded.