John Edward **PAYNE**, Plaintiff,

v.

**SIGMA PHI EPSILON, A Body Corporate of the State of Virginia and Sigma Phi Epsilon Building Associates, Inc., A Body Corporate and Sigma Phi Epsilon Fraternity, Morgantown, West Virginia Chapter (Beta), A Subsidiary of Sigma Phi Epsilon West Virginia University and Erin P. Dyer, President Sigma Phi Epsilon Fraternity and Jeff Moore and Frank Nesbitt, Defendants.**

Civ. A. No. 82–0072–C(K).

United States District Court, N.D. West Virginia, Clarksburg Division.

July 20, 1983.

Marvin Ellin, Ellin & Baker, Baltimore, Md., Steven L. Miller, Cross Lanes, W.Va., for plaintiff.

Alfred J. Lemley, Furbee, Amos, Webb & Critchfield, Fairmont, W.Va., for Frank Nesbitt.

William D. Phillips, Phillips & Faldowski, Washington, Pa., Robert M. Steptoe, Jr., Steptoe & Johnson, Clarksburg, W.Va., for Jeff Moore.

George B. Armistead, Baker & Armistead, Morgantown, W.Va., for Sigma Phi Epsilon Bldg. Assoc.

George Farmer, Jr., Jackson, Kelly, Holt & O'Farrell, Jacques Williams, Hamstead & Hamstead, Morgantown, W.Va., for Sigma Phi Epsilon.

Andrew G. Fusco, Morgantown, W.Va., for Sigma Phi Epsilon Fraternity.

James McNeer, McNeer, Highland & McMunn, Clarksburg, W.Va., for Erin P. Dyer.

## MEMORANDUM OPINION

KIDD, District Judge.

John Edward Payne, hereinafter referred to as the plaintiff, filed his complaint on July 28, 1982, alleging a tort action. The defendants, Frank Nesbitt, Jr., Sigma Phi Epsilon, A Virginia Corporation, Erin P. Dyer, Sigma Phi Epsilon Building Association, Inc., and Jeff Moore filed their answers on September 20, 1982, September 28, 1982 and September 29, 1982, respectively. Sigma Phi Epsilon Fraternity, West Virginia Beta Chapter, filed its motion to dismiss on October 1, 1982, alleging it is not subject to suit under a common name under the laws of the State of West Virginia. Plaintiff filed his answer and opposition to Sigma Phi Epsilon Fraternity, West Virginia Beta Chapter's motion to dismiss on October 12, 1982.

The issue presented for determination by this Court is whether an unincorporated association may be sued in its own name. Rule 17(b) of the Federal Rules of Civil Procedure provides the capacity to be sued.

The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the constitution or laws of the United States.

This particular action comes before the Court based upon diversity jurisdiction rather than involving a substantial federal

question.* The complaint, based upon a tort action, alleges wrongful and injurious acts by the defendants. Nowhere is it alleged that a substantial federal question exists. *See Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), *National Treasury Employment Union v. Campbell,* 482 F.Supp. 1122, 1125 (1980 DC DC). Therefore, under Rule 17(b) of the Federal Rules of Civil Procedure the Court must look to the laws of the State of West Virginia for guidance. *See Underwood v. Maloney,* 256 F.2d 334 (3rd Cir.1958), *cert. denied* 358 U.S. 864, 79 S.Ct. 93, 3 L.Ed.2d 97 (CA PA 1958) and *Rota v. Brotherhood of Railway, Airline & S.S. Clerks,* 64 F.R.D. 699 (DC Ill.1974).

█ Chapter 35, Article Two, Section 6, provides that:

> "every institution, society, order, organization or association, or any local branch thereof, whether named in the conveyance, dedication, device, gift or bequest, or appointed as provided in this article, shall be a corporation ... and as such corporation they shall be governed by all the provisions of law relating to, and have and exercise all the privileges and powers of, nonstock corporations, including the power to take and hold real and personal property, to borrow money for any legitimate purpose in the execution of the trust and to execute a lien on the trust property as security therefor, and to do and perform any and all acts and business pertaining to the trust created by any conveyance, dedication, devise, gift or bequest to such institution, society, order, organization or association."

*See also, Grand Lodge of Ind. Order of Odd Fellows v. Gunnoe,* 154 W.Va. 594, 177 S.E.2d 150 (1970). The purpose of this article was to cure conveyances, gifts, bequests and devises for benevolent societies which would be invalid otherwise. *See West Virginia Code* 35–2–1. A voluntary association may become a fraternal beneficiary society under Chapter 33, Article 23, Section 1 of the West Virginia Code; or it may incorporate under Chapter 31, Article 1, Section 1 of the West Virginia Code; or may "accept a conveyance, bequest or devise of property, and have trustees appointed to control the same under the provisions of Code 35–2–6, and sue and be sued as held in *Board of Education v. Board of Trustees,* 78 W.Va. 445, 88 S.E. 1099." *State v. City of Charleston,* 133 W.Va. 420, 56 S.E.2d 763. The defendant Sigma Phi Epsilon Fraternity, West Virginia Beta Chapter, did not incorporate under the provisions of Chapter 33, Article 13, Section 1, or Chapter 31, Article 1, Section 1 of the West Virginia Code. Therefore, the sole question is whether they are to be recognized as a corporation under Chapter 35, Article 2, Section 6 of the West Virginia Code. The record in this case indicates that Sigma Phi Epsilon Fraternity, West Virginia Beta Chapter, does not hold title to any real estate within West Virginia. Legal title to the fraternity house located at 709 North High Street, City of Morgantown, County of Monongalia, West Virginia, is held by Sigma Phi Epsilon Building Associates, Inc., a body corporate. Further, there is no indication that Sigma Phi Epsilon Fraternity, West Virginia Beta Chapter, was conveyed, bequeathed, or devised personal property in this state. Chapter 35–2–3 of the West Virginia Code provides that an unincorporated entity

> *may* from time to time, and whenever occasion may arise, appoint, in such manner as any such society, order, lodge, association, or union, may deem proper, a suitable number of persons as trustees for such society, order, lodge, association or union, and may remove such trustees or any of them, and fill all vacancies caused by death or otherwise.

Further, Chapter 35, Article 2, Section 5, provides that the trustees appointed to hold title to real and personal property of any unincorporated association "shall cause a certified copy of the order of appointment of such trustees to be recorded in the office of the clerk of the county court of the

---

* The amount in controversy exceeds $10,000.00 and the complaint invokes diversity of citizenship (28 U.S.C. §§ 1332, 1441) jurisdiction.

county where such trustees were appointed; ... where such association has real or personal property." The law is clear that where trustees for an unincorporated association hold real estate for use by such organization they are construed a corporation under West Virginia Code 35–2–6 and can sue or be sued as such. *Board of Education v. Board of Trustees,* 78 W.Va. 455, 88 S.E. 1099 (1916). However, Sigma Phi Epsilon, West Virginia Beta Chapter, does not hold title to any real property nor is there an indication that there was a conveyance, dedication, devise, gift, or bequest or appointment of this defendant of any personal property. Therefore, Sigma Phi Epsilon, West Virginia Beta Chapter, would not be required to register under West Virginia Code 35–2–5 and Chapter 35, Article 2, Section 6 would not apply to this defendant.

■ Under West Virginia law, "in the absence of a statute authorizing such procedure, an unincorporated society or association cannot be sued as an entity by its name, nor can a judgment be rendered against it merely by name." *Simpson v. Grand International Brotherhood of Locomotive Engineers,* 83 W.Va. 355, 98 S.E. 580, *cert. denied* 250 U.S. 644, 39 S.Ct. 494, 63 L.Ed. 1186 (1919); *see also West v. Baltimore and Ohio Railroad Co.,* 103 W.Va. 417, 137 S.E. 654 (1927); *Milam v. Settle,* 127 W.Va. 271, 32 S.E.2d 269 (1944); *State ex rel. Glass Bottle Blowers Association of the United States and Canada v. Silver,* 151 W.Va. 749, 155 S.E.2d 564 (1967). The only unincorporated associations which may sue or be sued under West Virginia law are cooperative agricultural marketing associations and common carriers. See Chapter 19, Article 4, Section 4 and Chapter 55, Article 7, Section 11, West Virginia Code. Members of an association may sue or be sued as individuals and judgment rendered against such of them as are served with process for participation in any activity of any association which operates to wrong another in his person or property. *Milam v. Settle,* 127 W.Va. 271, 32 S.E.2d 269 (1944). A class action may also be maintained against one or more individuals who afford adequate representation of all members of an unincorporated association as a class. *State ex rel. Glass Bottle Blowers Association v. Silver,* 151 W.Va. 749, 155 S.E.2d 564 (1967).

■ Plaintiff named Sigma Phi Epsilon Fraternity, West Virginia Beta Chapter, as a defendant in this action and listed Erin P. Dyer and Avery F. Gaskins as the individuals to be served, therefore it is clear that any action against Sigma Phi Epsilon Fraternity, West Virginia Beta Chapter, must be dismissed. *Milam v. Settle,* 127 W.Va. 271, 32 S.E.2d 269. However, jurisdiction over the members as individuals, may be conferred by naming members composing the association as parties and serving process upon them individually. *State v. Silver,* 151 W.Va. 749, 155 S.E.2d 564 (1967). *See also West v. Baltimore and Ohio Railroad Co.,* 103 W.Va. 417, 137 S.E. 654 (1927). In *State v. Silver, supra,* the court held that "there can be no judgment against the association by name. This leaves on the individual members, served with process, against whom a judgment may be recovered." *See also State ex rel. W.V. Second School Activities Commission v. Oakley,* 152 W.Va. 533, 164 S.E.2d 775, 779 (1968).

Based upon the facts and law herein, it is the opinion of the Court that Sigma Phi Epsilon, West Virginia Beta Chapter's motion to dismiss it from this action should be granted.

Judgment shall be entered accordingly.

The Clerk is directed to transmit certified copies of this Memorandum Opinion to counsel of record herein.