STATE *ex rel.* WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISSION, *et al., etc.*

*v.*

THE HONORABLE HARVEY OAKLEY, *etc., Judge,
et al.,* EDWARD LEE, *etc., et al.*

(No. 12761)

Submitted October 29, 1968.    Decided December 17, 1968.

*Jackson, Kelly, Holt & O'Farrell, John L. McClaugherty,
Louis S. Southworth II, Jack L. Miller,* for relators.

*W. Bernard Smith,* for respondents.

BERRY, PRESIDENT:

This is an original proceeding in prohibition instituted in
this Court September 3, 1968, in which the petitioners, the

West Virginia Secondary School Activities Commission and the officers and members of the Board of Appeal and Board of Review, individually and as members of the Boards seek to prohibit the respondents who are a judge and two litigants from proceeding with and from hearing and considering a purported appeal from an order of the "Board of Appeals" of the West Virginia Secondary School Activities Commission finding that the respondent Edward Lee was ineligible to play football for the Logan Senior High School because of his age, in which appeal a stay was granted against both the "Board of Appeals" and the "Board of Review" of said Commission and to prohibit the respondent the Honorable Harvey Oakley, the duly elected and acting judge of the Circuit Court of Logan County, West Virginia, from hearing any matters in connection with this purported appeal and from continuing in any way to prosecute contempt proceedings against the executive "secretary" of the Commission and "members" of its Board of Appeals, which had grown out of the stay granted in the lower court.

No evidence was taken in this proceeding but voluminous pleadings were filed consisting of a petition, a demurrer to the petition, an answer by respondents, a demurrer to the answer, and a replication to the answer, with numerous exhibits attached and made a part of the pleadings.

A rule was issued September 3, 1968, returnable October 8, 1968, and continued to October 29, 1968, at which time the case was submitted on briefs for the decision of this Court during the September 1968 Regular Term.

Inasmuch as the respondent Edward Lee was graduated from the Logan Senior High School at Logan, West Virginia, in June, 1968, the question attempted to be submitted by him to the Circuit Court of Logan County on appeal is moot. However, the contempt proceeding instituted by the Circuit Court of Logan County for an alleged failure to comply with the orders of said Court must be disposed of in this proceeding.

It is the contention of the petitioners that the Circuit Court of Logan County is without jurisdiction to entertain

any appeal in connection with the matters involved herein, and that the contempt proceedings have no bearing on the matter which was attempted to be appealed to the Circuit Court of Logan County. As the result of the ruling as to the eligibility of the respondent Edward Lee to play football, the petitioners suspended the Logan Senior High School, which had allowed Lee to play, from participating in certain athletic contests and from the playing of football with other member schools during the 1968 season. The Logan Senior High School was not a party to the attempted appeal to the Circuit Court. Therefore, the Circuit Court had no jurisdiction over any matters pertaining to it in the attempted appeal before it.

It appears that since 1916 the Association dealing with West Virginia Secondary School Activities has been in existence in this State. It was an entirely voluntary Association until January, 1967, at which time it was incorporated under the name of the West Virginia Secondary School Activities Commission, Incorporated, continuing to allow eligible secondary schools to become members thereof and be governed by its rules and regulations. Later, the West Virginia Legislature passed an act which became effective March 11, 1967, and is found in Code, 18-2-25, as amended, providing for such incorporation of the Association which had formerly been a purely voluntary Association without any statutory status. Under the charter obtained in January, 1967, before the act was passed, a five member Board of Appeals was provided for who were also the officers and directors of the corporation and the charter also provided for an executive secretary. The member schools were to elect the Board from their principals who were to have full supervision over extracurricular activities of the member schools. The corporation was a non-stock, non-profit organization. The statute later passed placed in the hands of the local county boards of education the power of supervision over all interscholastic athletic events and other extracurricular activities and provided that the local boards could delegate the power with regard to interscholastic athletic events and band activities to the West Vir-

ginia Secondary Schools Activities Commission which was to be composed of principals of secondary schools which the local boards of education had elected to place under the Commission for the purposes stated above. The Commission was authorized, with the consent of the State Board of Education, to incorporate as a non-profit, non-stock corporation. Private and parochial schools could also elect to become participating members and provisions were made for the members to pay dues. The statute required that rules and regulations be promulgated in accordance with the provisions of Chapter 29-A of the Code of West Virginia, as amended, which is the administrative procedure act, and that proper review procedure and review board be provided for, but it was not enacted that review be in accordance with said act. The rules and regulations were to be approved by the State Board of Education and to be filed with the Secretary of State before becoming effective.

It might be noted here that when the Commission was voluntary or a voluntary corporation it had a "Board of Appeals". When the statute was passed it used the term "Board of Review". The Commission by its rules then superimposed a "Board of Review" on its "Board of Appeals" and thus provided for appeal by an athlete or school to the "Board of Appeals" followed by a review by the "Board of Review".

The only question involved in this proceeding is whether the Circuit Court of Logan County has any jurisdiction to entertain an appeal from a decision of the Board of Review of the West Virginia Secondary Schools Activities Commission, which the rules of the Commission provided should be final.

It is the contention of the petitioners that the Circuit Court of Logan County does not have any jurisdiction in connection with this matter but it is the contention of the respondents that an appeal of such decision of the Commission may be taken to the Circuit Court under the provisions of Chapter 29-A of the Code of West Virginia, as amended, which provides for judicial review concerning

the action of certain state agencies. There are exceptions to the provisions contained in Code 29-A, as amended, and the State Board of Education is excluded from its terms as well as the conduct of students in secondary schools.

The contentions of the parties are in conflict with regard to certain aspects of this proceeding. The petitioners contend that the West Virginia Secondary Schools Activities Commission is a voluntary association and deny that it is incorporated. This is not correct. The respondents assert that the Commission is a corporation which is correct and is supported by a certified copy of the certificate of incorporation signed by the Secretary of State, but the respondents are incorrect in stating that the incorporation took place under the statute. The respondents assert that Lee should be able to play football at the Logan Senior High School, which assertion has nothing whatsoever to do with this proceeding at this time. It is not questioned that although Lee played football during the 1967 football season of Logan Senior High School, in violation of the ruling of the Commission or its agents, he graduated in June, 1968, from that school and is no longer connected with it. This proceeding, as well as the attempted appeal in the Circuit Court of Logan County, were all instituted after the respondent Lee had no connection whatsoever with the Logan Senior High School and could no longer play football for said School. This question is therefore moot and as far as it is concerned the Circuit Court of Logan County should not have taken jurisdiction of the attempted appeal in the first instance because there was nothing to determine. *State ex rel. Lilly* v. *Carter*, 63 W. Va. 684, 60 S. E. 873; *Orwasky* v. *Chuma, et al.*, 148 W. Va. 349, 135 S. E. 2d 248. This principle is clearly stated in the first point of the syllabus of the case of *State ex rel. Lilly* v. *Carter, supra*, wherein it is stated: "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court."

However, even where there is no actual controversy existing in a case it will not be dismissed as moot where

there is anything further to be done in connection with it. *West Virginia Board of Dental Examiners* v. *Storch,* 146 W. Va. 662, 122 S. E. 2d 295. In the case at bar contempt proceedings are still pending before the Circuit Court of Logan County and must be disposed of in this proceeding.

It would appear for the purpose of a decision in this case that it is immaterial whether the West Virginia Secondary Schools Activities Commission is a voluntary organization or is a corporation. The disposition thereof would be the same in either event.

An Association with rules and regulations governing such matters as are involved in the case at bar existed in this State for over fifty years and even though the Association has recently been incorporated as the West Virginia Secondary Schools Activities Commission it is still for all intents and purposes in the same position as it has been for the past fifty years, that is, that member schools eligible to participate may voluntarily do so and after such participation they agree to comply with the rules and regulations that have governed such organization in the past and will govern in the future. The organization has had rules for eligibility of students to participate in athletics or procedure for declaring such students ineligible to participate and for disciplinary procedures for member schools and for the review of such action or decision made by the officers of boards of the Association or Organization during its entire existence. Where such procedure is provided for in such organization or association the procedure must be followed and due process of law may be afforded administratively without the use of or application to the courts. *State ex rel. Burchett* v. *Taylor,* 150 W. Va. 702, 149 S. E. 2d 234.

It is well established that courts will not interfere with the internal affairs of such association or organizations except in certain instances not present in the instant case. 6 Am. Jur. 2d, Association and Clubs, §27. It has been repeatedly held by courts of other states where almost the identical matter has been presented as in the case at bar that the courts have no jurisdiction to entertain an appeal

from the decisions of such school activities commissions or associations. *Sult* v. *Gilbert*, 148 Fla. 31, 3 So. 2d 729; *Tennessee Secondary School Athletic Association* v. *Cox*, 425 S. W. 2d 597; *State ex rel. Indiana High School Athletic Association et al.* v. *Lawrence Circuit Court*, 240 Ind. 114, 162 N. E. 2d 250; *Morrison* v. *Roberts*, 183 Okla. 359, 82 P. 2d 1023.

It has also been held in a similar situation that such matters do not come under an administrative procedure act, and all that is necessary is that in such matters a fair hearing be had. *Bernstein* v. *Board of Education of Prince George's County*, 245 Md. 464, 226 A. 2d 243.

It also appears from the orders entered by the Circuit Court of Logan County pertaining to this case that in any event the matter would not be properly before the court regardless of whether it was a voluntary association or a corporation. It was not properly instituted in either event. The individual members were not made parties or designated individually as such, as required in such cases of voluntary associations and it was not sued as a corporation. *State ex rel. Glass Bottle Blowers Assoc.* v. *Silver, Judge*, 151 W. Va. 749, 155 S. E. 2d 564. The order with regard to the contempt proceeding was merely for the Board of Appeals to appear and show cause why its members should not be held in contempt. No names of the individual members of the Board of Appeals were set out in the order and all of the members of the Board were not served with process to show cause. Then, too, the matter pertaining to the alleged contempt involved disciplinary action against the Logan Senior High School which was not a party to the proceeding attempted to be appealed before the Circuit Court of Logan County, all of which would indicate that contempt proceeding in any event was not properly before the Circuit Court of Logan County even if it had appellate jurisdiction of the instant case; and it clearly appears that it had no jurisdiction to consider the appeal of the ruling of the Board of Review in this proceeding in the first instance.

Where a Circuit Court does not have jurisdiction over the subject matter the writ of prohibition is the proper remedy. *W. Va. Sec. School Activities Com.* v. *Wagner, Judge,* 143 W. Va. 508, 102 S. E. 2d 901; *State ex rel. Burchett* v. *Taylor,* 150 W. Va. 702, 149 S. E. 2d 234. This principle is clearly stated in point 6 of the syllabus of the *Wagner* case, *supra,* wherein it was held: "The writ of prohibition lies as a matter of right when the inferior court does not have jurisdiction of the subject matter in controversy, or having such jurisdiction, exceeds its legitimate powers."

For the reasons stated herein, the writ of prohibition prayed for is awarded.

*Writ awarded.*