No. 14-1045 - State of West Virginia ex rel. The West Virginia Secondary Schools Activities Commission, et al. v. Honorable David W. Hummel, Judge of the Circuit Court of Marshall County; Pamela F., Individually, and as Parent and Legal Guardian of D.W., a Minor

**FILED**

**February 26, 2015**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

LOUGHRY, Justice, concurring, joined by Chief Justice Workman:

It is not the place of the Court to call balls and strikes. Nor will this Court review game tapes to determine the quality of a penalty or a personal foul, or decide whether a game winning shot was taken before or after the final buzzer sounded. To the contrary, it remains the responsibility of game officials–not judges or justices–to referee secondary school athletics events. Indeed, we recognize the indispensable role played by game officials in secondary school athletics—we do not marginalize that role, nor do we usurp the essential authority vested in these officials as they referee athletic competitions. I write separately to emphasize that any interpretation of the majority opinion to the contrary would ignore the very limited and specific intent of our decision, which is to apply the plain, unambiguous, and mandatory language of West Virginia Code § 18-2-25.

As the majority aptly explains, West Virginia Code § 18-2-25 contains, in part, mandatory language providing that the SSAC "shall" promulgate rules and regulations that provide for a "proper review procedure and review board[.]" The SSAC's rule in question, W.Va.C.S.R. § 127-3-15.3, expressly excludes ejectments from the SSAC's review

1

procedure, which is in direct contravention of the statute's mandatory language requiring that a review procedure be provided.[1] *See* Syl. Pt. 2, *Terry v. Sencindiver*, 153 W.Va. 651, 171 S.E.2d 480 (1969) ("The word 'shall', in the absence of language in the statute showing a contrary intent, should be afforded a mandatory connotation."); *see also Mayo*, 223 W.Va. 88, 95 n.17, 672 S.E.2d 224, 231 n.17 ("[A]n SSAC rule is subject to challenge, like all properly promulgated legislative rules, on grounds that it exceeds constitutional or statutory authority and for being arbitrary or capricious.").

The SSAC's contention that its rule providing for no review of ejectments meets the statute's mandate that a review procedure be provided is nonsensical. Not only is W.Va.C.S.R. § 127-3-15.3 contrary to the Legislature's mandate in West Virginia Code § 18-2-25, but, from a practical standpoint, it is unreasonable. Like the majority, I can envision a situation where video evidence is readily available that either corroborates or refutes the factual basis of an official's ejectment of a player. Under such circumstances, the reasonable action would be for the SSAC to review that video evidence—not for the purpose of

---

[1]Although this Court has previously addressed challenges to the ejectment or suspension of high school athletes, the particular statutory argument presented in the instant matter was not raised in those earlier cases. *See State ex rel. W. Va. Secondary Sch. Activit[ies] Comm'n v. Webster*, 228 W.Va. 75, 717 S.E.2d 859 (2011) (finding trial court lacked authority to review SSAC's decision to suspend players where there was no claim that ejectment or suspensions rules were unreasonable, arbitrary, or capricious); *Mayo v. W.Va. Secondary Sch. Activities Comm'n*, 223 W.Va. 88, 672 S.E.2d 224 (2008) (addressing constitutionality of SSAC rule prohibiting protest of an ejection of an athlete from a game).

challenging the official's "judgment," but to determine, for instance, whether a player wearing jersey number 19 was errantly ejected from a game or match when the official intended to eject the player wearing jersey number 14. In my estimation, such a mistake has nothing to do with an official's "judgment" that a player's conduct warranted ejectment. Rather, if video evidence can help an official overcome a mistake as simple as a player's jersey number, it seems exceedingly reasonable that the SSAC provide for a review procedure, as legislatively mandated, during which it can consider that evidence before suspending the student athlete from the next game or match.

While I firmly agree that courts should generally not interfere with the internal affairs of the SSAC,[2] this Court cannot ignore that in the case at bar, the SSAC's rule has been shown to be contrary to an express legislative mandate.[3] For these reasons, I concur in the majority's decision.

---

[2]*See* Syl. Pt. 2, *State ex rel. W.Va. Secondary Sch. Activity Comm'n v. Oakley*, 152 W.Va. 533, 164 S.E.2d 775 (1969) ("As a general rule courts should not interfere with the internal affairs of school activities commissions of associations.").

[3]Clearly, the Legislature can enact legislation that imbues the SSAC with the authority to exclude certain matters from the legislatively mandated review procedure. Our decision today, however, is based on West Virginia Code § 18-2-25, as currently written.