**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

STATE OF WEST VIRGINIA EX REL.
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISSION,
Petitioner,

vs.  No. 22-0268

HONORABLE TIMOTHY L. SWEENEY,
JUDGE OF THE CIRCUIT COURT OF RITCHIE COUNTY,
AND L.M.,
BY AND THROUGH HIS PARENTS AND LEGAL GUARDIANS,
HEATHER M. AND TODD M.,
Respondents.

**MEMORANDUM DECISION**

The petitioner, the West Virginia Secondary School Activities Commission ("WVSSAC"), seeks a writ of prohibition to prevent the enforcement of an order entered March 7, 2022, by the Circuit Court of Ritchie County granting the respondent, student L.M.,[1] a preliminary injunction to prevent the WVSSAC from enforcing its Semester and Season Rule and thereby allowing L.M. to play high school baseball during his fifth year of high school.[2]

As set forth below, upon consideration of the standard for the issuance of a writ of prohibition, the Court finds that the WVSSAC is entitled to the prohibitory relief it seeks, as moulded, and determines that a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]In cases involving sensitive facts such as the instant proceeding, we use initials, rather than the parties' full names. *See generally* W. Va. R. App. P. 40(e) (restricting use of personal identifiers in cases involving children); *In re K.L.*, 241 W. Va. 546, 548 n.1, 826 S.E.2d 671, 673 n.1 (2019) (using initials to refer to child parties).

[2]Stephen F. Gandee represents the West Virginia Secondary School Activities Commission, and Frank E. Simmerman, Jr.; Chad L. Taylor; and Frank E. Simmerman, III, represent student L.M., and his parents, Heather M. and Todd M. (collectively, "L.M." or "the student").

This case began in March of 2020, when L.M. was a junior at Williamstown High School ("WHS"), in Wood County, West Virginia. L.M. was on the roster to play baseball for WHS during the 2019-2020 school year. On March 2, 2020, the high school baseball season began, but on March 13, 2020, Governor Jim Justice closed all West Virginia schools, and, by extension, cancelled all West Virginia spring school sports, because of the COVID-19 global pandemic. High school baseball games were scheduled to begin on or after March 18, 2020, but were cancelled due to the statewide school closure. Therefore, L.M. did not play any high school baseball games during the spring 2020 semester.

Shortly thereafter, L.M. requested to be academically reclassified so that he could repeat his junior year of high school,[3] and, ostensibly would have two more years to play high school baseball but for the WVSSAC's Semester and Season Rule. The Semester and Season Rule provides: "A student may have the privilege to participate in the interscholastic program for four consecutive years (eight consecutive semesters or equivalent) after entering the 9th grade." W. Va. C.S.R. § 127-2-5.1 (eff. 2020).[4] L.M.'s reclassification request was granted,[5] and, by being reclassified, L.M. attended high school for five years (ten consecutive semesters).

After his reclassification, L.M. requested a waiver of the WVSSAC's Semester and Season Rule to permit him to play high school baseball during his senior (fifth) year of high school. The WVSSAC provides the following guidance regarding Semester and Season Rule waiver requests:

> The Board of Directors [of the WVSSAC] is authorized to grant a waiver to the Semester and Season Rule when it feels the rule fails to accomplish the purpose for which it is intended and when the rule causes

---

[3]The request to be reclassified was not based on poor academic performance. According to the record, L.M. had a 4.0 grade point average at the time. Rather, L.M. claimed that he wanted to repeat his junior year of high school because the pandemic-related school closure deprived him of the opportunity to be a high school student, attend school in person, take college admissions tests, and visit colleges.

[4]Because the events giving rise to the instant proceeding occurred in 2020, the version of the WVSSAC's Semester and Season Rule in effect at the relevant time applies to the facts of this case.

[5]L.M.'s academic reclassification request was approved by his school and/or the board of education for the school's county; the WVSSAC has indicated that it does not handle requests for academic reclassification.

2

extreme and undue hardship upon the student. Waivers may be granted in the following circumstances:

The Board of Directors is authorized to consider cases in which a student entering 9th grade did not stay in continuous enrollment because of personal illness, or no school was available, or because of other undue hardship reasons ascertained through investigation.

The Board of Directors may provide release from the continuous enrollment restriction provided no participation has occurred during the semester(s) in question.

In no event may a student be allowed to participate for more than four seasons in any one sport in grades 9-12.

W. Va. C.S.R. §§ 127-2-5.7.a-c (eff. 2020).[6]

By letter dated August 27, 2021, the WVSSAC Board of Directors denied L.M.'s request for a waiver of the Semester and Season Rule. L.M. then appealed to the WVSSAC's Board of Review ("Board of Review"), which, by order entered December 8, 2021, also denied the requested waiver. In January 2022, L.M., by and through his parents, filed the underlying civil action seeking injunctive relief in the Circuit Court of Ritchie County.[7] By order entered March 7, 2022, the circuit court granted L.M. a preliminary injunction preventing the WVSSAC from enforcing the Semester and Season Rule against him, and permitting him to play high school baseball during the spring 2022 semester. The WVSSAC then filed this petition for a writ of prohibition to prevent the circuit court from enforcing its order allowing L.M. to play high school baseball during the spring 2022 semester.

Before reaching the merits of the errors asserted by the WVSSAC and the standard under which we consider whether prohibitory relief is warranted in this case, we must first consider whether this Court has jurisdiction to entertain this proceeding. *See generally* Syl. pt. 1, in part, *James M.B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995) ("[T]his Court has a responsibility *sua sponte* to examine the basis of its own jurisdiction."). The

---

[6]*See* note 4, *supra*.

[7]L.M.'s reason for filing his request for a preliminary injunction in the Circuit Court of Ritchie County is not apparent from the record. As stated above, L.M. attended high school in Wood County and sought to play baseball for WHS. However, the WVSSAC did not object to the case proceeding in the Ritchie County Circuit Court.

3

question of this Court's jurisdiction in this case concerns mootness, which is a jurisdictional consideration. *See N. Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 404, 30 L. Ed. 2d 413 (1971) (per curiam) (observing that "[m]ootness is a jurisdictional question" (citations omitted)). The instant controversy regarding L.M.'s eligibility as a student athlete in the spring of 2022 is now technically moot since L.M. was permitted, by the circuit court's preliminary injunction, to play high school baseball during the spring 2022 semester, and now, at the time of deciding this matter, the 2022-2023 school year is well underway. *See State ex rel. Bluestone Coal Corp. v. Mazzone*, 226 W. Va. 148, 155, 697 S.E.2d 740, 747 (2010) ("Simply stated, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (internal quotations and citations omitted)).

Nevertheless, this Court may consider technically moot issues under certain enumerated circumstances:

> Three factors to be considered in deciding whether to address technically moot issues are as follows: first, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief; second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public; and third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided.

Syl. pt. 1, *Israel by Israel v. W. Va. Secondary Schs. Activities Comm'n*, 182 W. Va. 454, 388 S.E.2d 480 (1989). Here, the issue of a student's eligibility to participate in a WVSSAC sanctioned activity is capable of repetition and is of a fleeting nature such that judicial consideration of the matter may not be possible while the matter is ripe due to the finite duration of the school academic year. Accordingly, we find that this Court may consider this case on its merits even though it is technically moot.

Our analysis of the merits of this case is guided by the standard for issuing a writ of prohibition, which provides as follows:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not

4

correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996). *See also* Syl. pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977) ("A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W. Va. Code*, 53-1-1.").

The WVSSAC contends in its petition for writ of prohibition that the circuit court erred by granting L.M. a preliminary injunction. In rendering its ruling, the circuit court found that the WVSSAC had "acted in an arbitrary in [sic] capricious manner in denying the [S]emester and [S]eason waiver request" and that it was "troubled by the nature of the WVSSAC's administrative process/findings in this manner," which the court opined had not resulted in a "fair administrative process."

We find that the WVSSAC is entitled to a writ of prohibition on the first basis for the circuit court's preliminary injunction because the circuit court erred as a matter of law by reviewing the manner in which the WVSSAC had applied its eligibility rules. *See* Syl. pt. 4, *Hoover*, 199 W. Va. 12, 483 S.E.2d 12. In so ruling, the circuit court did not find that the Semester and Season Rule, itself, was arbitrary and capricious, nor did L.M. challenge the validity of the rule. Rather, the circuit court assessed the manner in which the WVSSAC had applied the rule to declare L.M. ineligible for the 2022 high school baseball season. We have repeatedly held that the manner in which the WVSSAC applies its rules is not subject to judicial review:

Decisions properly within the purview of the legislative grant of authority to the West Virginia Secondary Schools Activities Commission under West Virginia Code § 18-2-25 (2008), such as the application of WVSSAC Rules and the review of calls or rulings made by game officials, are not subject to judicial review.

Syl. pt. 3, *State ex rel. W. Va. Secondary Sch. Activity Comm'n v. Webster*, 228 W. Va. 75, 717 S.E.2d 859 (2011).[8] Therefore, the circuit court invaded the WVSSAC's authority to determine how the Semester and Season Rule should be applied to determine whether an individual student is eligible to participate in a sanctioned activity and whether a waiver of the Rule is warranted. This invasion of the WVSSAC's authority was clear error.

In granting L.M. a preliminary injunction, the circuit court also questioned the propriety of the WVSSAC's administrative process by which the WVSSAC's Board of Review upheld the denial of L.M.'s requested waiver of the Semester and Season Rule. L.M. alleged that the Board of Review had improperly considered extraneous evidence that had not been officially submitted as part of the administrative proceedings, and, upon a review of the administrative record, the circuit court found the administrative process had not been fair.

While, "[a]s a general rule[,] courts should not interfere with the internal affairs of school activities commissions or associations,"[9] the statute governing the WVSSAC requires it to "provide a proper review procedure,"[10] which includes that "a fair hearing be had."[11] *Accord* Syl. pt. 1, *State ex rel. Wilson v. Truby*, 167 W. Va. 179, 281 S.E.2d 231 (1981) ("'An administrative body must abide by the remedies and procedures it properly establishes to conduct its affairs.' Syl. pt. 1, *Trimboli v. Board of Education*, [163 W. Va. 1,] 254 S.E.2d 561 (W. Va. 1979); Syl. pt. 1, *Powell v. Brown*, [160 W. Va. 723,] 238 S.E.2d 220 (W. Va. 1977)."). Although it appears that the circuit court was provided with the entire administrative record from the underlying WVSSAC proceeding, the parties did not provide that record to this Court. The portion of the appendix record in this case

---

[8]*See also* Syl. pt. 4, *State ex rel. W. Va. Secondary Sch. Activities Comm'n v. Oakley*, 152 W. Va. 533, 164 S.E.2d 775 (1968) ("In the absence of statutory power or of circumstances such as fraud, a court has no jurisdiction to determine a controversy regarding the eligibility of an athlete suspended from competition under rules promulgated by an association to which the secondary school in which he was a student at the time of suspension voluntarily belonged."). *Cf. Mayo v. W. Va. Secondary Schs. Activities Comm'n*, 223 W. Va. 88, 95 n.17, 672 S.E.2d 224, 231 n.17 (2008) ("[A]n SSAC rule is subject to challenge, like all properly promulgated legislative rules, on grounds that it exceeds constitutional or statutory authority and for being arbitrary or capricious." (citations omitted)).

[9]Syl. pt. 2, *Oakley*, 152 W. Va. 533, 164 S.E.2d 775.

[10]*State ex rel. W. Va. Secondary Sch. Activities Comm'n v. Hummel*, 234 W. Va. 731, 738, 769 S.E.2d 881, 888 (2015).

[11]*Oakley*, 152 W. Va. at 539, 164 S.E.2d at 779 (citation omitted).

pertaining to the administrative proceeding contains only the Board of Review's final order denying L.M. a waiver of the Semester and Season Rule and finding him ineligible to play high school baseball during the spring 2022 semester. The record before this Court does not contain a transcript of the Board of Review hearing or any of the evidence that L.M. alleges was improperly considered by the Board. "If . . . an aggrieved party wishes to challenge a lower court's ruling . . . through a petition for a writ of prohibition to this Court, a record must be made to permit this Court to consider the sufficiency of the grounds asserted for the [relief sought]." *Bluestone*, 226 W. Va. at 154 n.3, 697 S.E.2d at 746 n.3 (citation omitted). *See also* Syl. pt. 2, *Conservative Life Ins. Co. v. Alexander*, 114 W. Va. 451, 172 S.E. 520 (1933) ("Upon an application for a writ of prohibition, facts not negatived by the record, will be presumed in aid of the inferior court."). Due to the lack of a sufficient record of the Board of Review's proceedings, we are unable to determine whether the circuit court erred in concluding that L.M. did not receive a fair hearing before the Board of Review or whether the WVSSAC is entitled to relief from the circuit court's order on this basis.

For the foregoing reasons, we conclude that the circuit court exceeded its jurisdiction by conducting a judicial review of the WVSSAC's application of its Semester and Season Rule, but that the record before this Court is insufficient to permit our review of the circuit court's finding that the WVSSAC's administrative proceedings were improperly conducted. Therefore, the writ of prohibition requested by the WVSSAC to prohibit the enforcement of the circuit court's March 7, 2022 order is hereby granted as moulded.

Writ Granted as Moulded.

**ISSUED:** November 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Judge James W. Courrier, Jr., sitting by temporary assignment

**DISQUALIFIED:**

Justice William R. Wooton