**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**Lotta M. Gray,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-0367** (Berkeley County 2021-P-496)

**State of West Virginia, and the Honorable**
**Harry L. Snow, Magistrate of Berkeley**
**County,**
**Respondents Below, Respondents**


**MEMORANDUM DECISION**


Petitioner Lotta M. Gray appeals the Circuit Court of Berkeley County's April 12, 2022, order denying his motion to alter or amend the circuit court's order dismissing as moot his petition for a writ of mandamus seeking another preliminary hearing.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In August 2021, T.L.D. reported to police that her daughter, eighteen-year-old A.D., was sexually assaulted. Petitioner was charged with the second-degree sexual assault of A.D., and he subpoenaed A.D. and T.L.D. to testify at his preliminary hearing. The State moved to quash those subpoenas, arguing that A.D. had "special needs which could exacerbate the trauma of preliminary testimony" and that petitioner improperly sought to obtain discovery from T.L.D. The magistrate court granted the State's motion, concluding that the subpoenas were "unnecessary, unduly burdensome, and premature." At petitioner's ensuing preliminary hearing, the investigating officer testified, and the magistrate court found probable cause.

Petitioner then moved the circuit court for and was granted leave to file a petition for a writ of mandamus, commencing this separate civil proceeding. Petitioner argued that the magistrate court exceeded its legitimate powers by quashing the subpoenas, and he sought another preliminary hearing. During the pendency of the mandamus proceeding, petitioner was indicted on crimes related to his alleged sexual contact with A.D. The State thereafter moved to dismiss

---

[1] Petitioner appears by counsel Dana F. Eddy. Respondent State of West Virginia appears by Attorney General Patrick Morrisey and Assistant Attorney General Andrea Nease Proper. We note that initials are used where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

petitioner's petition for mandamus relief on the ground that petitioner's indictment rendered that petition moot. The circuit court agreed and dismissed his petition. Petitioner moved to alter or amend the court's ruling, and the court denied the motion by order entered on April 12, 2022, finding that the State had a duty to present the matter to the grand jury and reiterating that petitioner's petition was moot. Petitioner now appeals, and our review is de novo. Syl. Pt. 1, *State v. Davis*, 236 W. Va. 550, 782 S.E.2d 423 (2015) (holding that a de novo standard of review applies to a court's denial of a writ of mandamus); Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998) (holding that the standard of review applicable to an appeal from a motion to alter or amend a judgment "is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed").

Petitioner contends that the circuit court erred in dismissing his petition as moot, maintaining that the harm from the allegedly defective preliminary hearing will permeate his criminal proceedings. He argues further that, even if his petition was technically moot, the court erred in failing to address it because the issues presented were of significant public interest and capable of repetition.

"Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." *Israel ex rel. Israel v. W. Va. Secondary Schs. Activities Comm'n*, 182 W. Va. 454, 457, 388 S.E.2d 480, 483 (1989) (quoting *State ex rel. W. Va. Secondary Schs. Activities Comm'n v. Oakley*, 152 W. Va. 533, 537, 164 S.E.2d 775, 778 (1968)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *State ex rel. Bluestone Coal Corp. v. Mazzone*, 226 W. Va. 148, 155, 697 S.E.2d 740, 747 (2010) (quoting *Powell v. McCormack*, 395 U.S. 486 (1969)). Consequently, a case may be rendered moot "when the circumstances of the case change during the course of its pendency" or "when the parties thereto experience a change in status." *Id.* at 155-56, 697 S.E.2d at 747-48 (citation omitted). Such is the case here. Petitioner sought a new preliminary hearing below, but he acknowledges to this Court that his subsequent indictment precludes affording him that relief: "Admittedly, a second preliminary hearing is not to be afforded, due to the indictment . . . ." Therefore, deciding whether petitioner should be afforded another preliminary hearing would avail nothing in the determination of controverted rights, and the court correctly determined that petitioner's petition was rendered moot by his indictment in the related criminal proceedings.

Nevertheless, petitioner correctly notes that technically moot cases that present "questions of great public interest" or issues that "may be repeatedly presented to the trial court, yet escape review at the appellate level," may be addressed. *Israel*, 182 W. Va. at 455, 388 S.E.2d at 481, Syl. Pt. 1, in part. We disagree, however, that the issue here meets either criterion. The manner in which preliminary hearings are held and the parameters of taking evidence in those hearings are addressed in Rule 5.1 of the West Virginia Rules of Criminal Procedure, Rule 5.1 of the Rules of Criminal Procedure for the Magistrate Courts of West Virginia, and West Virginia Code § 62-1-8. This Court has expounded upon and applied this authority, developing a body of caselaw addressing the issue. Accordingly, it cannot be said that the issue presented here is escaping review at the appellate level, and to the extent that the question here is of great public interest, it has been answered. As a result, there was no need to address the moot issue presented here.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  October 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn