**STATE OF WEST VIRGINIA**

At the Supreme Court of Appeals, continued and held in Charleston, Kanawha County, on November 18, 2024, the following order was made and entered **in vacation**:

State of West Virginia ex rel.
West Virginia Secondary School Activities
Commission,
Petitioner

v.) No. 24-654

The Honorable John D. Beane, Judge of the
Circuit Court of Wood County, Wood County
Board of Education, Parkersburg High School,
Parkersburg South High School, and Williamstown
High School,
Respondents

and

State of West Virginia ex rel.
West Virginia Secondary School Activities
Commission,
Petitioner

v.) No. 24-656

The Honorable Anita Harold Ashley, Judge of the
Circuit Court of Mason County, Point Pleasant Junior
Senior High School, and Frederick H.,
as parent and next friend of R.H.,
Respondents

**ORDER**

On November 14, 2024, the petitioner West Virginia Secondary School Activities Commission, by counsel Stephen F. Gandee, Jeffrey A. Kimble, and Lindsay M. Stollings, Robinson & McElwee PLLC, presented to the Court petitions for writs of prohibition against the respondents, the Honorable Anita Harold Ashley, Judge of the Circuit Court of Mason County,

Point Pleasant Junior Senior High School, Frederick H., as parent and next friend of R.H., and the Honorable John D. Beane, Judge of the Circuit Court of Wood County, Wood County Board of Education, Parkersburg High School, Parkersburg South High School and Williamstown High School, together with motions for expedited relief, for the reasons stated.

On November 17, 2024, the respondents Point Pleasant Junior Senior High School, and Frederick H., as parent and next friend of R.H., by counsel Tanya Hunt Handley, Handley Law Offices, filed a response to the petition for writ of prohibition in Case No. 24-656.

On November 18, 2024, the Board of Education for Wood County, by counsel Patrick E. McFarland, filed a response to the petition for writ of prohibition in Case No. 24-654. Also on November 18, 2024, the Board of Education for Cabell County, by counsel Sherrone D. Hornbuckle, filed a notice to file amicus curiae brief together with an amicus curiae brief on behalf of the respondents.

On November 18, 2024, C.R., Clay P. Riley, and Whitney Riley, by counsel W. Braden Noon, McCoid Law Offices, PLLC, filed a motion for leave to file amicus curiae brief together with a brief on behalf of the respondents. The Court is of the opinion to, and does grant, the motion. The amicus brief is ordered filed.

Acting without undue delay to resolve the issues in an expedited manner and based on the time-sensitive concerns involved, the matter was submitted for consideration without oral argument. Having promptly scheduled the matter for review and considered the arguments of counsel, the Court issues its decision through this order.

The WVSSAC is entitled to a writ of prohibition because the circuit court in Case No. 24-654 erred as a matter of law by reviewing how the WVSSAC classified its member schools prior to the commencement of the 2024-25 football season and substituting the WVSSAC's decision

with its own. *See Syl. Pt. 4*, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

"'As a general rule courts should not interfere with the internal affairs of school activities commissions or associations.' *Syllabus Point 2*, *State ex rel. West Virginia Secondary School Activities Commission v. Oakley*, 152 W. Va. 533, 164 S.E.2d 775 (1968)." *Syl. Pt. 4*, *State ex rel. W. Va. Secondary Sch. Activities Comm'n v. Cuomo*, 247 W. Va. 324, 880 S.E.2d 46 (2022).

It is beyond question that the WVSSAC had the authority to reclassify under West Virginia Code of State Rules §127-3-10. Upon our review, we find that the circuit court's entry of injunctive relief was not based on the WVSSAC's lack of authority to reclassify, but rather on the timing and manner of that reclassification. We have repeatedly held that the manner in which the WVSSAC applies its rules is not subject to judicial review:

> "Decisions properly within the purview of the legislative grant of authority to the West Virginia Secondary Schools Activities Commission under West Virginia Code § 18–2–25 (2008), such as the application of WVSSAC Rules . . . are not subject to judicial review*." Syllabus Point 3, State ex rel. West Virginia Secondary School[ ] Activit[ies] Commission v. Webster*, 228 W. Va. 75, 717 S.E.2d 859 (2011).

*Cuomo*, 247 W. Va. at 324, 880 S.E.2d at 46, syl. pt. 5. *See id*. at 332, 880 S.E.2d at 54 ("[c]oincident with the legislative grant of authority to the [WV]SSAC to 'exercise the control, supervision and regulation of all interscholastic athletic events,' [under West Virginia Code § 18-2-25 (2008)], matters falling within the province of the [WV]SSAC's bailiwick are, as a rule, beyond the purview of court interference" (citation omitted).)

We thus conclude that the circuit court exceeded its authority in adjudicating the as-applied challenge to the WVSSAC reclassification rule. As such, a writ of prohibition is appropriate in Case No. 24-654.

With regard to the November 11, 2024, order of the Circuit Court of Mason County, we observe that the order was issued in direct response to the Circuit Court of Wood County's improper grant of injunctive relief. Be that as it may, the Circuit Court of Mason County likewise lacked the authority to interfere with the internal affairs of the WVSSAC and overreached as a matter of law by directing the WVSSAC to schedule play-in games as set forth in its order. Accordingly, we grant the WVSSAC's petition for a writ of prohibition in Case No. 24-656.

Based upon the foregoing, we grant WVSSAC's petition for a writ of prohibition in Case No. 24-654 and Case No. 24-656 and vacate the injunctions issued by the circuit courts. The impact of this ruling is to allow the WVSSAC to proceed with the football championships according to its rules and authority.

Justice Wooton disqualified. Judge Thomas H. Ewing, Circuit Judge of the Twelfth Judicial Circuit is sitting by special appointment.

A True Copy                    Attest: /s/ C. Casey Forbes
                                       Clerk of Court