# STATE OF WEST VIRGINIA

SCA EFiled: Nov 21 2024
04:30PM EST
Transaction ID 75065166

At the Supreme Court of Appeals, continued and held in Charleston, Kanawha County, on November 21, 2024, the following order was made and entered **in vacation**:

State of West Virginia ex rel.
West Virginia Secondary School Activities
Commission,
Petitioner

v.) No. 24-664

The Honorable C. Carter Williams, Judge of
The Circuit Court of Hardy County, Hardy
County Board of Education, and East Hardy
High School,
Respondents

and

State of West Virginia ex rel.
West Virginia Secondary School Activities
Commission,
Petitioner

v.) No. 24-665

The Honorable Richard Wilson, Judge of the
Circuit Court of Tyler County, Tyler County
Board of Education, and Tyler County Consolidated
High School,
Respondents

## ORDER

On November 18, 2024, the petitioner West Virginia Secondary School Activities Commission, by counsel Stephen F. Gandee, Jeffrey A. Kimble, and Lindsay M. Stollings, Robinson & McElwee PLLC, presented to the Court petitions for writs of prohibition against the respondents, the Honorable C. Carter Williams, Judge of the Circuit Court of Hardy County, Hardy County Board of Education, and East Hardy High School, and the Honorable Richard

Wilson, Judge of the Circuit Court of Tyler County, Tyler County Board of Education, Tyler County Consolidated High School, together with motions for expedited relief, for the reasons stated.

The respondents Hardy County Board of Education and East Hardy High School, by counsel Nathan H. Walters, Walters, Heishman & Vance, PLLC, filed a response to the petition on November 20, 2024. The respondents Tyler County Board of Education and Tyler County Consolidated High School, by counsel Paul S. Saluja, Saluja Law Office, PLLC filed a response to the petition on November 21, 2024.

Acting without undue delay to resolve the issues in an expedited manner and based on the time-sensitive concerns involved, the matter was submitted for consideration without oral argument. Having promptly scheduled the matter for review and considered the arguments of counsel, the Court issues its decision through this order.

The WVSSAC is entitled to a writ of prohibition because the circuit court in Case No. 24-665 erred as a matter of law by reviewing how the WVSSAC classified its member schools and substituting the WVSSAC's decision with its own. *See* Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

Before this Court is the order of the Circuit Court of Tyler County that enjoined and restrained the WVSSAC from changing the classification of Tyler Consolidated High School from Class A to Class AA for the sports of volleyball and cheer. As Tyler Consolidated's volleyball and cheer teams participated in Class AA throughout the season, the practical effect of this ruling was to reclassify Tyler Consolidated for the end-of-season volleyball and cheer state tournaments. In support, it cited the August 12, 2024, order of the WVSSAC Board of Review that effectively directed the WVSSAC to immediately reclassify certain schools for football only,

based upon its review of concussion-related studies and resulting safety concerns. In that same order, the Board of Review, for all other sports, directed the WVSSAC to revisit the classifications to identify and address inconsistencies, but did not include a specified time frame to do so. From our review of the circuit court's reasoning in awarding injunctive relief to Tyler Consolidated, it found that the WVSSAC did not act quickly enough with respect to non-football reclassifications and that court intervention was necessary in the interest of treating male-dominated sports (football) and female-dominated sports fairly. It thus required that the WVSSAC immediately reclassify Tyler Consolidated from Class AA to Class A for volleyball and cheer.

"'As a general rule courts should not interfere with the internal affairs of school activities commissions or associations.' Syllabus Point 2, *State ex rel. West Virginia Secondary School Activities Commission v. Oakley*, 152 W. Va. 533, 164 S.E.2d 775 (1968)." Syl. Pt. 4, *State ex rel. W. Va. Secondary Sch. Activities Comm'n v. Cuomo*, 247 W. Va. 324, 880 S.E.2d 46 (2022). It is beyond question that the WVSSAC had the authority to reclassify under West Virginia Code of State Rules §127-3-10. Objections to those classifications were appropriately appealed to the Board of Review, which body is constituted to hear disputes such as those at issue here. While the circuit court adopted the Board of Review's conclusion that competitive balance was not achieved in implementing the classification rule because it created safety issues for football, the court went on to usurp the authority of the Board of Review by adjudicating Tyler Consolidated's challenge to the application of the classification rule to the sports of volleyball and cheer. We have repeatedly held that the manner in which the WVSSAC applies its rules is not subject to judicial review:

> "Decisions properly within the purview of the legislative
> grant of authority to the West Virginia Secondary Schools

> Activities Commission under West Virginia Code § 18–2–25 (2008), such as the application of WVSSAC Rules . . . are not subject to judicial review.*" Syllabus Point 3, State ex rel. West Virginia Secondary School[ ] Activit[ies] Commission v. Webster*, 228 W. Va. 75, 717 S.E.2d 859 (2011).

*Cuomo*, 247 W. Va. at 324, 880 S.E.2d at 46, syl. pt. 5. *See id.* at 332, 880 S.E.2d at 54 ("[c]oincident with the legislative grant of authority to the [WV]SSAC to 'exercise the control, supervision and regulation of all interscholastic athletic events,' [under West Virginia Code § 18-2-25 (2008)], matters falling within the province of the [WV]SSAC′s bailiwick are, as a rule, beyond the purview of court interference" (citation omitted)).  We thus conclude that the circuit court exceeded its authority in adjudicating the as-applied challenge to the WVSSAC reclassification rule, particularly when that as-applied challenge was already litigated and addressed by the appropriate body.

Despite the circuit court's summary conclusion that the Board of Review's action with respect to football (a male-dominated sport) and inaction as to volleyball and cheer (female-dominated sports) resulted in male and female student athletes being treated differently, there is no corresponding constitutional equal protection analysis applying any level of scrutiny to the reclassification rule.  To the extent the order granting injunctive relief may be interpreted to have been decided on gender-based equal protection grounds, we find no factual basis to support a gender-based classification and, indeed, the circuit court failed to undertake any legal analysis of an equal protection violation justifying the relief it granted.  Rather, the circuit court fundamentally mischaracterized the Board of Review's order by stating that it singled out football for immediate reclassification on the basis that it is a male-dominated sport and resultantly discriminates against female-dominated sports. In fact, the Board of Review's order is replete with references and appendices indicating that football was singled out for immediate

reclassification before the season began for concussion and similar injury-related purposes. The Board of Review's order also clearly directed that all other sports, including male and female-dominated sports, were to be reclassified after the WVSSAC had an opportunity to identify and address inconsistencies in the December 2023/January 2024 classifications. The urgency of the WVSSAC's reevaluation of its classifications was drawn on sport lines, not gender ones.

Because the order granting injunctive relief constitutes improper judicial intervention in an as-applied challenge to the reclassification rule and a similarly improper usurpation of the WVSSAC's authority to "exercise the control, supervision, and regulation of interscholastic athletic events . . . of secondary schools," West Virginia Code § 18-2-25(b), a writ of prohibition is appropriate in Case No. 24-665.

With regard to the November 15, 2024, order of the Circuit Court of Hardy County, we observe that the order was issued in direct response to the Circuit Court of Tyler County's improper grant of injunctive relief. Be that as it may, the Circuit Court of Hardy County likewise lacked the authority to interfere with the internal affairs of the WVSSAC and overreached as a matter of law by directing the WVSSAC to exclude Tyler Consolidated from the Class A tournament. Accordingly, we also grant the WVSSAC's petition for a writ of prohibition in Case No. 24-664.

Based upon the foregoing, we grant the WVSSAC's petition for a writ of prohibition in Case No. 24-664 and Case No. 24-665 and vacate the injunctions issued by the circuit courts. The impact of this ruling is to allow the WVSSAC to proceed with the Class A volleyball and cheer championships according to its rules and authority.

Justice Wooton disqualified. Judge Thomas H. Ewing, Circuit Judge of the Twelfth Judicial Circuit is sitting by special appointment.

A True Copy

Attest: /s/ C. Casey Forbes
Clerk of Court

